**Kenneth SAMMONS, Petitioner**

v.

**PENNSYLVANIA STATE POLICE, Respondent.**

Commonwealth Court of Pennsylvania.

Argued March 5, 2007.

Decided Aug. 9, 2007.

Kelly Davis, Philadelphia, for petitioner.

Joanna N. Reynolds, Asst. Counsel, Harrisburg, for respondent.

BEFORE: LEADBETTER, President Judge, SIMPSON, Judge, and McCLOSKEY, Senior Judge.

OPINION BY President Judge LEADBETTER.

Before this court in our original jurisdiction are the Preliminary Objections of the Pennsylvania State Police [PSP] to the Petition for Review (in the Nature of a Complaint in Mandamus) of Kenneth Sammons.[1] We also must decide Sammons' Motion for Summary Relief, which asks that, if we overrule the PSP's preliminary objections, we enter judgment in his favor as a matter of law.

In his review petition, Sammons prays that this court

> issue an order of mandamus on the [PSP] to execute the order of the Honorable Joan Brown of the Court of Common Pleas, Philadelphia County, to destroy all criminal records, fingerprints, photographic plates and photographs pertaining to his arrest of June 7, 1956, and that a request be made to the Federal Bureau of Investigation to return all records pertaining to the same arrest.

Petition for Review at 5.

The facts of this case are straightforward and appear to be undisputed. On June 7, 1956, Sammons was arrested for misdemeanor aggravated assault and battery and misdemeanor assault and battery and convicted on June 5, 1957. He was sentenced to 30 days to 6 months in county prison on both offenses, and was paroled by the court upon the expiry of his minimum sentence.

On March 22, 2006, after turning 70 years old,[2] Sammons filed a Petition to

---

1. The PSP originally preliminarily objected to Sammons' petition for review on the basis of jurisdiction and failure to state a claim on which relief could be granted, but eventually withdrew its objection as to jurisdiction. *See* Respondent's Brief in Support of Preliminary Objections, stating: "The [PSP] voluntarily dismisses its preliminary objection on jurisdiction and will argue only the preliminary objection as to the failure to state a claim in this brief." Respondent's brief at 4.

2. Sammons was born on January 12, 1936. Petition for Review, para. 2.

Expunge Criminal Record, pursuant to Section 9122(b) of the Criminal History Record Information Act (CHRIA), 18 Pa. C.S. § 9122(b), which provides:

> **(b) Generally.**—Criminal history record information may be expunged when:
>
> (1) An individual who is the subject of the information reaches 70 years of age and has been free of arrest or prosecution for ten years following final release from confinement or supervision; or
>
> (2) An individual who is the subject of the information has been dead for three years.

According to the briefs and documents before us, on April 21, 2006, the common pleas judge granted Sammons' expungement petition.[3] The PSP did not receive notice of the expungement petition/hearing in advance, although the district attorney's office apparently received such notice. Sammons' counsel, the Defender Association of Philadelphia, thereafter sent the PSP a certified copy of the court's order directing expungement, which was the first notice that the PSP had of the matter. The PSP then informed Sammons' attorney, by letter dated June 12, 2006,

that it would not expunge Sammons' record because, *inter alia,* it has "a statutory mandate to maintain records of persons convicted of crimes.... " Exhibit C to Petition to Expunge Criminal Record, Letter dated June 12, 2006, from Captain Cheryl A. Heath to Barbara Bailey, Esq. at 1.

Sammons' counsel wrote the PSP again, contending that it had "a ministerial duty to comply with the order of Judge Brown" and that, if the PSP failed to so comply, she would file a review petition with Commonwealth Court. Exhibit D to Petition to Expunge Criminal Record, Letter dated September 7, 2006, from Barbara Bailey, Esq. to Captain Cheryl A. Heath at 1. By letter dated September 14, 2006, the PSP again refused to comply with the expungement order. The PSP wrote in relevant part that its policy is not to expunge a person's conviction records until he or she reaches the age of 90. The PSP explained that its policy arises out of the discretion given to it by the General Assembly in Section 9122(b)(1) of the CHRIA, which, unlike Section 9122(a)(2), does not mention a court or "court order."[4] The PSP con-

---

**3.** The PSP does not here appear to challenge that Sammons has reached the age of 70 and has been free of arrest or prosecution for ten years following his final release from confinement or supervision.

**4.** Section 9122(a) provides:

> **Specific proceedings.**—Criminal history record information shall be expunged in a specific criminal proceeding when:
>
> (1) no disposition has been received or, upon request for criminal history record information, no disposition has been recorded in the repository within 18 months after the date of arrest and the court of proper jurisdiction certifies to the director of the repository that no disposition is available and no action is pending. Expungement shall not occur until the certification from the court is received and the director of the repository authorizes such expungement;

> (2) a court order requires that such non-conviction data be expunged; or
>
> (3) a person 21 years of age or older who has been convicted of a violation of section 6308 (relating to purchase, consumption, possession or transportation of liquor or malt or brewed beverages) petitions the court of common pleas in the county where the conviction occurred seeking expungement and the person has satisfied all terms and conditions of the sentence imposed for the violation, including any suspension of operating privileges imposed pursuant to section 6310.4 (relating to restriction of operating privileges). Upon review of the petition, the court shall order the expungement of all criminal history record information and all administrative records of the Department of Transportation relating to said conviction.

> "Repository" is defined in Section 9102 of the CHRIA, 18 Pa. C.S. § 9102, as "[a]ny

tended that, consequently, Section 9122 was not intended to give courts the authority to issue expungement orders for persons 70 and over; rather, the intention was to allow the central repository [5] to expunge the records of such persons if it so chose, due to space constraints. The PSP noted that, with the onset of electronic storage, those space constraints no longer exist. *See* Exhibit E to Petition to Expunge Criminal Record, Letter dated September 14, 2006, from Captain Cheryl A. Heath to Barbara Bailey, Esq. at 1.

On October 11, 2006, Sammons filed a petition for review in our original jurisdiction seeking mandamus relief, and, thereafter, the PSP filed its preliminary objections.[6] Sammons then filed a motion for summary relief, arguing that, if we overrule the PSP's remaining preliminary objection, he will be entitled to judgment as a matter of law.

In order to prevail in mandamus, Sammons must establish a clear right to the requested relief, a corresponding duty in the PSP to act, and that no other adequate legal remedy is available.[7] Therefore, in deciding the PSP's objection that Sammons has failed to state a claim upon which relief can be granted, we first consider its arguments, set forth in its supporting brief, as to why Sammons has not shown he is entitled to the expungement of his criminal record.[8]

Section 9122(b)(1) provides that criminal history record information may be expunged when a person reaches 70 years old and has not been arrested or prosecuted for ten years after final release from confinement or supervision. Section 9122(a) provides for circumstances when criminal history record information shall be expunged in a specific criminal proceeding. Despite the PSP's assertion that Section 9122(b) is merely a "housekeeping section," which does not give the courts authority to expunge criminal record information, but, rather, gives the central re-

location in which criminal history record information is collected, compiled, maintained and disseminated by a criminal justice agency."

5. Section 9102 of the CHRIA defines "central repository" as "[t]he central location for the collection, compilation, maintenance and dissemination of criminal history record information by the Pennsylvania State Police."

6. *Amici curiae* Action Alliance of Senior Citizens of Greater Philadelphia, Center in the Park, Elderly Law Project of Community Legal Services, Inc., Intercommunity Action, Inc. and SeniorLAW Center bolster Sammons' arguments, emphasizing that elderly persons with conviction records are often not entitled to subsidized housing, thereby putting them at increased risk of homelessness, and that no adequate alternative remedy to expunction of a criminal record by court order exists.

7. We explained in *Holloway v. Lehman*, 671 A.2d 1179, 1182 (Pa.Cmwlth.1996) (citations omitted):

Mandamus will lie only where the petitioning party demonstrates its clear right to relief, a correspondingly clear duty on the part of the party against whom mandamus is sought, and the want of any other adequate remedy.... Further, mandamus can only be used to compel performance of a ministerial duty and will not be granted in doubtful cases.

8. Our Supreme Court has held that the PSP is without standing to challenge the propriety of an expungement order. *See, e.g., Commonwealth v. J.H.*, 563 Pa. 248, 759 A.2d 1269 (2000) (reversing our Superior Court's holding that the PSP would not be required to expunge its records if it could show the underlying expungement order was not authorized by law). Unlike in *J.H.*, however, the PSP is not here challenging the underlying criteria forming the basis for common pleas' order, but common pleas' jurisdiction to act. Moreover, its standing here is clearly derived from its role as respondent.

pository discretion whether to cull old information it has no room for, the agency has cited no law to support its novel interpretation of the statute. Therefore, even though, as the PSP notes, Section 9122(b), unlike Section 9122(a), contains no mention of either the word "court" or the word "proceeding" and Section 9122(b), unlike Section 9122(a), is discretionary in nature, there is no evidence that the General Assembly did not intend that courts expunge records under Section 9122(b).

Further, contrary to the PSP's argument, the fact that Section 9122(f) requires the court to give prior notice to the district attorney of any applications for expungement under Section 9122(a)(2), but does not require the same notice to the district attorney under Section 9122(b), is not proof that the General Assembly did not intend for the courts to be involved in expunction proceedings under (b), as, otherwise, it would have provided for the necessary governmental input. Instead, it is logical to assume that the district attorney of the county in which the original charge was filed has no interest in a proceeding wherein the individual whose record is potentially to be expunged is either 70 years old and has been free of arrest or prosecution for ten years following final release from confinement or supervision or is dead for three years.[9] *Cf. Commonwealth v. J.H.*, 563 Pa. 248, 759 A.2d 1269 (2000) (where the PSP argued that common pleas lacked authority to issue the underlying expungement order under Section 9122(a)(2), and our Supreme Court held that the district attorney's presence at the expungement hearing was sufficient to represent the Commonwealth's interests). Moreover, given that Section 9122(d) requires the central repository to be notified of an expungement only after the fact, it hardly seems likely that the General Assembly intended the PSP, as opposed to the courts, to have the discretion to expunge.[10]

In both *Commonwealth v. Whiteford*, 786 A.2d 286 (Pa.Super.2001) and *Commonwealth v. Wolf*, 704 A.2d 156 (Pa.Super.1997), the Superior Court implicitly recognized that a trial court can expunge conviction records if the requirements of Section 9122(b) are met. We agree, and now hold, that common pleas has such jurisdiction. There is no question here that, on April 21, 2006, Judge Brown of the Court of Common Pleas of Philadelphia County did in fact issue an order expunging Sammons' criminal record. Consequently, the PSP is bound to follow this validly entered order of the trial court. *See Oakman v. Dep't of Corr.*, 903 A.2d 106 (Pa.Cmwlth.2006) (the Department of Corrections, as an administrative agency,

---

9. Furthermore, Section 9122(c) is no more elucidating. That section provides:

   **Maintenance of certain information required or authorized.**—Notwithstanding any other provision of this chapter, the prosecuting attorney and the central repository shall, and the court may, maintain a list of the names and other criminal history record information of persons whose records are required by law or court rule to be expunged where the individual has successfully completed the conditions of any pre-trial or post-trial diversion or probation program. Such information shall be used solely for the purpose of determining subsequent eligibility for such programs and for identifying persons in criminal investigations. Criminal history record information may be expunged as provided in subsection (b)(1) and (2). Such information shall be made available to any court or law enforcement agency upon request.

10. Section 9122(d) provides: "**Notice of expungement.**—Notice of expungement shall promptly be submitted to the central repository which shall notify all criminal justice agencies which have received the criminal history record information to be expunged."

is bound to follow trial court's order and may not effectively reverse it); *Commonwealth of Pa. v. M.M.M.*, 779 A.2d 1158 (Pa.Super.2001) (the Department of Transportation is not permitted to ignore an expungement order properly entered by common pleas).

Accordingly, we are satisfied that Sammons has established a clear right to the expungement and has also shown a corresponding duty in the PSP to expunge. As required for mandamus to issue, this duty on the part of the PSP is purely ministerial in nature. *See J.H.*, 563 Pa. at 252–53, 759 A.2d at 1271; *see also Pennsylvania State Police v. Court of Common Pleas of Bucks County*, 150 Pa.Cmwlth. 338, 615 A.2d 946, 947 (1992) (stating that "the notice provisions indicate a legislative intent to have the State Police and central repository play only a ministerial part in the collection of data").

Therefore, all that is left for us to determine is whether, in lieu of an order of mandamus, some other adequate legal remedy exists. The PSP argues that Sammons does have another such remedy—the pardoning power of the Governor under Article IV, § 9 of the Pennsylvania Constitution. However, the question here is not whether Sammons might have followed some alternate course in seeking relief from the liabilities imposed by his half-century old conviction. He has already sought and obtained an order that the conviction be expunged, and he now seeks only to have the PSP abide by that order. Aside, perhaps, from invoking the contempt power of common pleas, we know of no other mechanism to compel the PSP's compliance than a mandamus action in this court.

For all of the above reasons, we overrule the PSP's remaining preliminary objection.

Because there are apparently no factual questions in dispute, we further grant Sammons' motion for summary relief, and enter judgment in favor of Sammons and against the PSP. In accordance with the relief requested in Sammons' petition for review, the PSP is now directed to comply with the April 21, 2006, order of the Court of Common Pleas of Philadelphia County.

## *ORDER*

AND NOW, this 9th day of August, 2007, the Preliminary Objections filed by the Pennsylvania State Police in the above-captioned matter are hereby OVERRULED. Because there are no factual questions in dispute, we further GRANT Kenneth Sammons' Motion for Summary Relief, and enter judgment in his favor against the Pennsylvania State Police. In accordance with the relief requested in Sammons' Petition for Review, we now direct the Pennsylvania State Police to destroy all criminal records, fingerprints, photographic plates and photographs pertaining to Sammons' arrest of June 7, 1956, and also direct that a request be made to the Federal Bureau of Investigation to return all records regarding the same arrest for destruction by the Pennsylvania State Police, pursuant to the April 21, 2006 order of the Court of Common Pleas of Philadelphia County.