J-S36012-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| IN RE: TRACY D. SMITH | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| APPEAL OF: TRACY D. SMITH | |
| | 1372 WDA 2014 |

Appeal from the Order dated July  22, 2014
In the Court of Common Pleas of Allegheny County
Orphans' Court at No.: Cc 2749 of 1997

BEFORE:  PANELLA, J., JENKINS, J., and STRASSBURGER, J.[*]

MEMORANDUM BY PANELLA, J.                    **FILED JULY 21, 2015**

Appellant, Tracy D. Smith, appeals from the order of the Allegheny County Court of Common Pleas denying his petition to expunge his civil commitment record.  We affirm.

On July 29, 1997, Smith was involuntarily hospitalized under Section 302 of the Mental Health Procedures Act ("MHPA"), 50 P.S. § 7302.  His commitment was extended twice after hearings pursuant to Sections 303 and 304(b) of the MHPA, and he did not appeal.  The commitments prohibit Smith from the possession, use, and control of a firearm in Pennsylvania. ***See*** 18 Pa.C.S.A. § 6105(c)(4).

---

[*] Retired Senior Judge assigned to the Superior Court.

In 2011, Smith filed an application pursuant to Section 6105(f)(1) seeking relief from the firearms prohibition.[1] The Pennsylvania State Police ("PSP") was not served with the application.[2] On April 28, 2011, the Allegheny County Court of Common Pleas, per the Honorable Jeffrey Manning, granted the requested relief, and directed the PSP to modify its records in accordance with the order. The certified record contains no documents or docket entries showing that the trial court's order was ever sent to the PSP after its entry by the court. Smith never filed a motion to compel the PSP's compliance.

In March 2014, after Smith's attempt to purchase a gun was rejected because of his civil commitment record, he filed a petition for expungement with the Allegheny County Court of Common Pleas, serving both the PSP and Allegheny County. Carlton Smith, Esquire, filed his appearance on behalf of

_____

[1] 18 Pa.C.S.A. § 6105(f)(1) provides:

> Upon application to the court of common pleas under this subsection by an applicant subject to the prohibitions under subsection (c)(4), the court may grant such relief as it deems appropriate if the court determines that the applicant may possess a firearm without risk to the applicant or any other person.

[2] The application for relief was docketed in the Allegheny Court of Common Pleas Criminal Division at miscellaneous docket number 1479-2011. Pursuant to this Court's order filed July 2, 2015, the certified record in 1479-2911 has been made part of the record in this appeal.

the PSP on April 8, 2014, and served Smith's counsel with a copy of the praecipe for appearance on the same day.[3]

The Honorable John A. Zottola held a hearing on June 18, 2014, at which Attorney Smith, joined by the Allegheny County Solicitor, John Molter, Esquire, informed the court of statutory and case law that prohibited Smith from challenging the sufficiency of the evidence that led to his Section 7302 and Section 7303 commitments. Smith testified on his own behalf.

On July 22, 2014, Judge Zottola denied the motion for expungement, concluding that it had no authority to remove the firearms restriction imposed after commitment pursuant to Section 7303 or Section 7304. **See** Trial Court Opinion, dated 3/6/15, at 4 (citing **In re Jacobs**, *infra*). Smith timely appealed.

Smith raises the following issue.

> Did the court of common pleas err when it denied Appellant's petition for expungement, because the Pennsylvania State Police not only failed to appeal the order of April 28, 2011, but lacked standing to oppose the expungement?

Appellant's Brief at 4.

We review the denial of an expungement order for an abuse of discretion. **See In re Keyes**, 83 A.3d 1016, 1022 (Pa. Super. 2013), *appeal denied*, 101 A.3d 104 (Pa. 2014).

_____

[3] Although filed and served on April 8, 2014, Attorney Smith's notice of appearance did not appear on the docket until June 25, 2015.

18 Pa.C.S.A. § 6111.1(g), pertaining to expungement of mental health records, provides as follows.

(1) Upon receipt of a copy of the order of a court of competent jurisdiction which vacates a final order or an involuntary certification issued by a mental health review officer, the Pennsylvania State Police shall, after disclosing relevant records under subsection (f)(3), expunge all records of the involuntary treatment received under subsection (f).

(2) A person who is involuntarily committed pursuant to section 302 of the Mental Health Procedures Act may petition the court to review the sufficiency of the evidence upon which the commitment was based. If the court determines that the evidence upon which the involuntary commitment was based was insufficient, the court shall order that the record of the commitment submitted to the Pennsylvania State Police be expunged. A petition filed under this subsection shall toll the 60-day period set forth under section 6105(a)(2).

(3) The Pennsylvania State Police, after disclosing relevant records under subsection (f)(3), shall expunge all records of an involuntary commitment of an individual who is discharged from a mental health facility based upon the initial review by the physician occurring within two hours of arrival under section 302(b) of the Mental Health Procedures Act and the physician's determination that no severe mental disability existed pursuant to section 302(b) of the Mental Health Procedures Act. The physician shall provide signed confirmation of the determination of the lack of severe mental disability following the initial examination under section 302(b) of the Mental Health Procedures Act to the Pennsylvania State Police.

18 Pa.C.S.A. § 6111.1(g)(2) and (3) (internal footnote omitted).

An expungement petition cannot go forward where an individual has been committed under Sections 7303 or 7304. **See In re Keyes**, 84 A.3d at 1024 (noting that the Court is "aware of no authority, statutory or decisional, that provides for the expunction of a mental health commitment

record where commitment was obtained pursuant to 50 P.S. § 7303.").  In

*In Re Jacobs*, 15 A.3d 509 (Pa. Super. 2011), this Court observed that

> 18 Pa.C.S.A. § 6111.1(g) provides no opportunity to obtain expunction of mental health records pursuant to a commitment under § 7303.  This undoubtedly reflects the fact that commitment under § 7303 indicates a more serious mental problem, and the fact that commitment under § 7302 only requires a doctor's determination, while commitment under § 7303 imposes major due process requirements.
>
> Appellant had the opportunity … to appeal his commitment under § 7303 and he chose not to do so.  The lower court had no jurisdiction under 18 Pa.C.S.A. § 6111.1(g) to review appellant's commitment under § 7303.  That statute only imbues the lower court with jurisdiction to review commitments under § 7302.

*Id*. at 510.

Smith first argues that, "[w]ithout expressly stating as much, Judge Manning's Order required the State Police to expunge Appellant's civil commitment from its records."  Appellant's Brief at 11.  He observes that the April 2011 order directed the State Police to modify its records and argues, without citation to case law, that the "'modification' required by the order could only be accomplished by expunging the commitment records."  *Id*. at 12.

Smith's averment has no merit.  He filed his application for relief from disability in 2011 pursuant to 18 Pa.C.S.A. § 6105(f)(1).  That section is "intended solely for the restoration of the right to possess firearms, not for the expunction of a record of involuntary commitment under the [Mental Health Procedures Act]."  **In re Keyes**, 84 A.3d at 1022 (citing *In re*

- 5 -

***Jacobs***, *supra*.) Thus, contrary to Smith's contention, Judge Manning's 2011 order did not and could not act as an expunction order.

Smith also avers that the PSP "functions merely as a repository for the maintenance of records," and "given its limited role in these matters … suffers no harm from the issuance of an expungement order, and therefore lacks standing to object to such an order." Appellant's Brief at 13 (citing ***Commonwealth v. J.H.***, 759 A.2d 1269, 1271 (Pa. 2000)).[4]

We first note that Smith served the PSP with his expungement motion, thus indicating his acknowledgment that the PSP would be a respondent in the proceeding. The PSP's standing, thus, derives from its position as a respondent. ***See Sammons v. Pennsylvania State Police***, 931 A.2d 784, 787 n.8 (Pa. Cmwlth. 2007).

Moreover, the certified record contains no document, transcript, or docket entry indicating that Smith objected—at any time—to Attorney Smith's appearance. Significantly, during the June 18, 2014 hearing, Smith did not object to Attorney Smith making a motion on behalf of the PSP and Allegheny County. We thus conclude that Smith's standing argument is

_____

[4] In ***J.H.***, *supra*, our Supreme Court held that the PSP may not challenge the propriety of an expungement order under the Criminal History Record Information Act ("CHRIA"), 18 Pa.C.S.A. §§ 9101–9114. J.H. is inapposite here. Smith has not raised CHRIA as a reason to challenge PSP's participation in his expungement hearing. In addition, unlike ***J.H.***, the PSP here did not "challenge the underlying criteria forming the basis for common pleas' order, but common pleas' jurisdiction to act." ***Sammons v. Pennsylvania State Police***, 931 A.2d 784, 787 n.8 (Pa. Cmwlth. 2007).

waived.  ***See*** Pa.R.A.P. 302(a) ("Issues not raised in the lower court are waived and cannot be raised for the first time on appeal."); ***see also Commonwealth v. Allen***, 107 A.3d 709, 711 n.1 (Pa. 2011) (observing that objections to standing are subject to waiver if not raised before the trial court).

Moreover, even if the PSP were not a respondent and even if Smith's argument were not waived, Smith's challenge to the PSP's standing is without merit. The PSP has implicit standing when the removal of a Section 6105(c)(4) firearms prohibition is at issue.  In ***In Re Expungements***, 938 A.2d 1075 (Pa. Super. 2007), this Court observed that

> [w]hile the [PSP] is not explicitly granted standing in a proceeding pursuant to Section 6105(f)(1) to remove a disability imposed under Section 6105(c)(4), it has an implicit power to be a litigant in this type of proceeding [because] the legislature has statutorily conferred the [PSP] with responsibility and duties under several provisions of the Uniform Firearms Act. The State Police's interest in these proceedings is linked to its ability to perform its administrative responsibilities under the Firearms Act and, more importantly, to ensure public safety and welfare by keeping firearms out of the hands of dangerous individuals.
>
> Accordingly, based upon the broad responsibilities and powers conferred upon it by the legislature, and its vital interest in protecting the safety of the citizens of the Commonwealth, it is a logical corollary that the [PSP] be granted standing to challenge an attempt to remove a Section 6105(c)(4) disability.

***Id***. at 1081-82.

Based on the foregoing discussion, we conclude that the trial court did not abuse its discretion in denying expunction of Smith's commitment records.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/21/2015