# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Angel Rivera,                                    :
                          Petitioner             :
                                                 :
              v.                                 :     No. 574 M.D. 2018
                                                 :     Argued:  December 10, 2019
Pennsylvania State Police and                    :
Commonwealth of Pennsylvania,                    :
                          Respondents            :


BEFORE:     HONORABLE RENÉE COHN JUBELIRER, Judge
            HONORABLE PATRICIA A. McCULLOUGH, Judge
            HONORABLE ANNE E. COVEY, Judge


**OPINION NOT REPORTED**


**MEMORANDUM OPINION BY**
**JUDGE COHN JUBELIRER**                    **FILED:  January 24, 2020**

Presently before the Court in our original jurisdiction is Angel Rivera's (Petitioner) Application for Summary Relief (Application) on certain counts enumerated in his Petition for Review (Petition) against the Pennsylvania State Police (PSP) and the Commonwealth of Pennsylvania.  Petitioner seeks mandamus relief or, in the alternative, declaratory or injunctive relief with regard to whether he is required to register as a sexual offender under the most recent enactment of the Sexual Offender Registration and Notification Act, Act of February 21, 2018, P.L. 27 (Act 10), 42 Pa. C.S. §§ 9799.10-9799.75, as amended by the Act of June 12, 2018, P.L. 140 (Act 29) (collectively, Act 10[1]).  Petitioner contends that he is entitled

---

[1] As the parties, for simplicity, refer to the current law as "Act 10," we will do the same.

to summary relief on his claim in the nature of a writ of mandamus directing PSP to comply with a January 2018 order (Order) from the Court of Common Pleas of York County (common pleas) vacating his registration requirements. Alternatively, Petitioner seeks summary relief on his request for declaratory or injunctive relief, asserting that his registration requirements were completed prior to the enactment of Act 10 and, therefore, Act 10 does not apply to him.

## I.    Factual background

Based upon the Petition, PSP's Answer and New Matter, and Petitioner's response thereto, the facts are as follows. In 1989, Petitioner pled guilty to a charge of rape in New York and was sentenced to three to nine years of imprisonment. Petitioner relocated to Pennsylvania sometime thereafter and was subject to sexual offender registration requirements based upon his conviction in New York. The Sexual Offender Registration and Notification Act (SORNA), *former* 42 Pa. C.S. §§ 9799.10-9799.41, became effective in December 2012, and Petitioner was convicted of failing to register as a sex offender under SORNA in 2013. Following the Pennsylvania Supreme Court's decision in *Commonwealth v. Muniz*, 164 A.3d 1189 (Pa. 2017), in which the Supreme Court determined SORNA violated the *ex post facto* clauses of the United States and Pennsylvania Constitutions, Petitioner filed a motion to vacate his conviction for failure to register, which common pleas granted. Petitioner also filed a motion "to vacate his sex offender registration requirements [(Motion to Vacate)], again in light of *Muniz*," and common pleas "granted this motion and vacated [Petitioner's] sex offender registration requirements," in the Order. (Petition ¶ 11.) Act 10 became effective in February

2

2018,[2] and, by letter dated May 10, 2018, PSP notified Petitioner that he was "obligated to register for the rest of his life pursuant to Act 10." (*Id.* ¶ 13.) Petitioner agrees with PSP that his "underlying [] triggering conviction has not been vacated," but contends he is not subject to Act 10 requirements because of the Order. (Answer to New Matter ¶ 83.)

In Count I of his Petition, Petitioner requests a writ of mandamus compelling PSP to comply with the Order, which he contends terminated Petitioner's sexual offender registration requirements in their entirety. Alternatively, in Count II, Petitioner requests declaratory and/or injunctive relief enjoining PSP from enforcing Act 10 against him for two reasons: first, Act 10 applies only to those who have not completed their registration requirements as of February 21, 2018, which Petitioner had by virtue of the Order; and second, Act 10 is punitive and cannot be retroactively applied.

After the pleadings closed, Petitioner filed the instant Application, seeking summary relief as to Count I in its entirety and as to Count II to the extent that he is entitled to declaratory and/or injunctive relief because Act 10 does not apply to him as an individual who has completed the registration requirements. Acknowledging

---

[2] Through Acts 10 and 29, the newest version of the Sexual Offender Registration and Notification Act was enacted in response to the Supreme Court's decision in *Muniz*. Section 9799.51(b)(4) of Act 10, 42 Pa. C.S. § 9799.51(b)(4). The General Assembly modified subchapter H to address registration requirements for individuals who committed offenses on or after December 20, 2012, the effective date for SORNA. *See* Section 9799.11(c) of Act 10, 42 Pa. C.S. § 9799.11(c). Through subchapter I, the General Assembly also established, in Act 10, new registration requirements for: (1) individuals who committed offenses between April 22, 1996, and December 20, 2012, whose registration period had not expired; and (2) offenders who were required to register under a pre-SORNA statute between April 22, 1996, and December 20, 2012, whose registration period had not yet expired. *See* Section 9799.52 of Act 10, 42 Pa. C.S. § 9799.52. Although the parties disagree as to whether Petitioner's registration is complete, their arguments focus on subchapter I because Petitioner's offense was committed prior to December 20, 2012.

potential factual disputes between the parties on the punitive nature of Act 10, and the pending case before the Supreme Court regarding that issue, *Commonwealth v. Lacombe*, *petition for allowance of appeal granted* (Pa., No. 35 MAP 2018, filed Sept. 26, 2019), Petitioner does not seek summary relief on his claim that he is entitled to injunctive and/or declaratory relief for his averments regarding the punitive nature of Act 10.

## II.    Discussion

This Court may grant an application for summary relief under Rule 1532(b) of the Pennsylvania Rules of Appellate Procedure, Pa.R.A.P. 1532(b), only if the "party's right to judgment is clear and no material issues of fact are in dispute." *Gregory v. Pa. State Police*, 185 A.3d 1202, 1205 n.5 (Pa. Cmwlth. 2018). For summary relief purposes, the record "is the same as a record for purposes of a motion for summary judgment," and includes pleadings, depositions, answers to interrogatories, admissions, affidavits, and reports signed by expert witnesses. *Summit Sch., Inc. v. Dep't of Educ.*, 108 A.3d 192, 195-96 (Pa. Cmwlth. 2015). Further, "[i]t is well established that testimonial affidavits . . . , even if not contradicted, [are] insufficient to establish the absence of a genuine issue of material fact because the credibility of the testimony is a matter for the factfinder." *Dep't of Transp. v. UTP Corp.*, 847 A.2d 801, 806 (Pa. Cmwlth. 2004). When ruling on an application for summary relief, "we review the record in the light most favorable to the nonmoving party, resolving all doubts as to the existence of disputed material fact against the moving party." *Marcellus Shale Coal. v. Dep't of Envtl. Prot.*, 216 A.3d 448, 458 (Pa. Cmwlth. 2019). With these principles in mind, we turn to each of Petitioner's bases for the requested summary relief.

*a. Whether Petitioner is entitled to summary relief on his mandamus claim.*

Petitioner asserts that there are no factual disputes and his right to mandamus relief is clear because the Order terminated his registration requirement. Petitioner argues as follows. Although the parties agree that common pleas terminated Petitioner's registration requirements in the Order, PSP now seeks to impose Act 10's requirements. Therefore, the only question before this Court is a question of law regarding whether PSP can force Petitioner's registration in light of the Order, which states that it grants Petitioner's "Motion to Vacate Sex Offender Registration Requirements" and that Petitioner's "sex offender registration requirements are vacated." (Order, Petition, App. A.) According to Petitioner, Act 10 does not invalidate this Order, and PSP cannot determine otherwise. As this Court did in *Sammons v. Pennsylvania State Police*, 931 A.2d 784 (Pa. Cmwlth. 2007), wherein we determined that PSP was bound to follow an order of a trial court expunging a criminal record, we should direct PSP to follow the Order. Petitioner argues he has a clear right to relief and no other adequate legal remedy. Accordingly, Petitioner claims he is entitled to summary relief on the mandamus claim.[3]

PSP responds that Petitioner misconstrues the Order and ignores the underlying Motion to Vacate that prompted common pleas to enter the Order. PSP argues as follows. The Motion to Vacate solely referenced and relied upon SORNA and, therefore, the resulting Order applies only to the registration requirements of SORNA. Further, because the Motion to Vacate was filed and the Order entered before Act 10 was passed, common pleas could not have vacated Petitioner's

---

[3] Petitioner also relies upon *Commonwealth v. Cheeseboro*, 91 A.3d 714, 722 (Pa. Super. 2014), in which the Superior Court determined that PSP did not have standing to contest orders in which courts of common pleas accepted negotiated plea agreements that did not require the defendants to register under SORNA. Because there is no question regarding PSP's standing here, this case is not relevant to our determination of whether Petitioner is entitled to summary relief.

5

registration requirements under a future statute. PSP contends the Order became moot upon the passage of Act 10. *Sammons* is inapposite, because there was no intervening act by the General Assembly to enact new law or amend existing law in that case, as there is here. Because the enactment of Act 10 mooted the Order and restored Petitioner's registration requirements, PSP agues Petitioner has not established a clear right to relief.

Petitioner replies PSP is mistaken that the Motion to Vacate solely references SORNA, asserting instead that it sought "*vacatur* of [Petitioner's] registration requirements under SORNA." (Petitioner's Reply Brief (Br.) at 2.) The premise for the Motion to Vacate was "that no other registration schemes" applied to Petitioner and, therefore, he had no requirement to register. (*Id.*) While common pleas could not have anticipated the enactment of Act 10 at the time that it entered the Order, Petitioner argues the Order remains valid unless and until it is modified or vacated.

A writ of mandamus is issued "to compel official performance of a ministerial act or mandatory duty," but "cannot issue to compel performance of a discretionary act or to govern the manner of performing" a required act. *Fagan v. Smith*, 41 A.3d 816, 818 (Pa. 2012) (internal quotation marks omitted). A writ of mandamus can be issued only where the petitioner has "a clear legal right, the responding public official has a corresponding duty, and no other adequate and appropriate remedy at law exists." *Id.* "[T]he purpose of mandamus is not to establish legal rights, but to enforce those rights which are already established." *Clark v. Beard*, 918 A.2d 155, 159 (Pa. Cmwlth. 2007).

Relying upon this Court's decision in *Sammons*, Petitioner contends that he is entitled to mandamus to compel PSP to follow a valid court order vacating his registration requirements. In that case, the petitioner sought a writ of mandamus

6

ordering PSP to execute a trial court order granting the petitioner's expungement petition filed pursuant to the Criminal History Record Information Act (CHRIA).[4] The petitioner served PSP with a certified copy of the trial court order granting the expungement petition, but PSP declined to expunge the record, citing its statutory duty under CHRIA to maintain records for persons convicted of crimes. The petitioner wrote PSP again, asserting PSP had a ministerial duty to comply with the trial court order. PSP disagreed, arguing that CHRIA provided PSP, not trial courts, the discretion to expunge records for individuals over 70 years old like the petitioner. The petitioner then sought mandamus relief in our original jurisdiction. PSP filed preliminary objections in the nature of a demurrer, and the petitioner sought summary relief to enter judgment in his favor.

Finding no factual disputes and the petitioner's right to relief being clear, we overruled PSP's preliminary objections and granted summary relief to the petitioner. *Sammons*, 931 A.2d at 789. We interpreted the relevant sections of CHRIA and determined that there was no support for PSP's position that it alone had discretion to expunge records for individuals over 70 years old; thus, courts could expunge these records under CHRIA as well. We concluded PSP had a ministerial duty to expunge the record pursuant to the trial court order, the petitioner had a clear legal right to relief, and there was no remaining alternative for the petitioner to receive the relief he requested. *Id.* Therefore, we held mandamus was warranted to compel PSP to comply with the trial court order. *Id.*

Although Petitioner, here, asserts that the question before us is simply a question of law involving the enforcement of an order, such as that presented in *Sammons*, we disagree. In *Sammons*, the parties agreed that the trial court had

---

[4] 18 Pa. C.S. §§ 9101-9183.

7

granted the expungement petition, but disagreed as to the trial court's authority to do so. Therefore, in *Sammons*, the only dispute before us on the claim for summary relief was purely legal, involving statutory interpretation. Here, however, the parties do not agree on the factual circumstances surrounding the Motion to Vacate and the Order. Petitioner relies upon the plain language of the Order, which states common pleas "hereby GRANTS the [Petitioner's] Motion to Vacate Sex Offender Registration Requirements. Accordingly, the [Petitioner's] sex offender registration requirements are vacated." (Order, Petition, App. A.) Based on this, Petitioner argues that his registration requirements under **any** sexual offender registration statute are, and remain, vacated. PSP denies that the Order vacated Petitioner's sexual offender registration requirements in perpetuity or that the Order extended to future enactments of SORNA. To support this, PSP relies upon the Motion to Vacate, which it attached to its brief, wherein Petitioner asserted, *inter alia*, that SORNA was not legally binding on Petitioner in light of *Muniz* and retroactive application of SORNA would be *ex post facto*. PSP further notes that Petitioner's Motion to Vacate was filed on October 26, 2017, approximately three months after the Supreme Court decided *Muniz*, and the Order was issued in January 2018, approximately one month prior to the enactment of Act 10. Thus, PSP contends that the Order is limited to SORNA.

PSP's arguments and attachments to its brief create a genuine issue of material fact that preclude Petitioner's request for summary relief. Whether Petitioner is entitled to a writ of mandamus to compel PSP to comply with the Order depends upon resolution of the dispute regarding to what extent the Order vacated Petitioner's registration requirements and whether Act 10 restored Petitioner's registration requirements. Regardless of whether PSP has a mandatory duty to enforce a valid

8

court order, we cannot decide whether PSP must enforce the Order while the parties disagree about what the Order provides and the effect of Act 10. Until it is determined whether common pleas' Order applied, or could apply, only to Petitioner's registration requirements under SORNA and the effect on his registration requirements under Act 10, this Court cannot determine that Petitioner has a clear right to mandamus relief. Accordingly, we deny Petitioner's Application on this point.

> b. *Whether Petitioner is entitled to summary relief on his claims for declaratory and/or injunctive relief.*

Petitioner argues as follows. Subchapter I of Act 10 cannot be imposed upon him because his registration requirements were terminated by the Order. As set forth in Section 9799.54(a)(4) of Act 10, subchapter I applies to registrants, such as Petitioner, who committed the triggering offense outside of the Commonwealth, and "as of February 21, 2018, ha[ve] not completed registration requirements." (Application at 7 (quoting 42 Pa. C.S. § 9799.54(a)(4)) (alteration added).) Petitioner completed his registration requirements before February 21, 2018, by virtue of the Order in January 2018, and subchapter I does not allow for the revival of completed registration requirements. As a matter of statutory construction, Section 9799.54(a)(4) is not ambiguous. The term "completed," by its meaning in ordinary usage, means concluded. Thus, through the Order, Petitioner's registration obligations were "completed" before Act 10 was enacted. Even if this provision is viewed as ambiguous, any such ambiguity should be construed against the Commonwealth and in favor of Petitioner, pursuant to the rule of lenity. Therefore, Petitioner asks this Court to grant his Application on this claim.

9

PSP disagrees, maintaining that Act 10 applies to Petitioner because the Order only vacated Petitioner's registration requirements under SORNA. PSP further argues as follows. Section 9799.54(a) of Act 10 divides registrants into two categories – those who committed sexual offenses in the Commonwealth and those who committed sexual offenses outside the Commonwealth. Petitioner, who committed the triggering offense outside the Commonwealth, is subject to registration so long as he "has not completed registration requirements." 42 Pa. C.S. § 9799.54(a)(4). Reading the phrase "not completed" in the context of Section 9799.54 as a whole, subsection (a)(4) refers to registration requirements in the jurisdiction in which the triggering offense was committed. This is demonstrated by Section 9799.54(a)(1), which provides that individuals who committed a sexually violent offense within the Commonwealth are required to register if their period of registration, "as of February 21, 2018, has not expired." 42 Pa. C.S. § 9799.54(a)(1). In contrast, Section 9799.54(a)(4) makes no reference to Pennsylvania, but refers only to registration requirements of other jurisdictions. Accordingly, Section 9799.54(a)(4) refers to individuals who have "not completed" their registration in the jurisdiction where they were convicted. Petitioner pled guilty to rape, an offense which required his **lifetime** registration in New York, and, therefore, his registration is not complete and he is still subject to registration requirements pursuant to Act 10.

Petitioner responds that he had no registration requirements in the months preceding the enactment of Act 10, which PSP acknowledged by removing him from the registry following the Order. Petitioner further argues that PSP's statutory interpretation of Section 9799.54(a)(4) is contrary to the plain text of the statute, which is silent as to whether the phrase "has not completed registration

10

requirements" refers to the registration requirements of another jurisdiction. 42 Pa. C.S. § 9799.54(a)(4). Moreover, Petitioner asserts, upon a registrant's relocation, the registration requirements of another jurisdiction cease and, accordingly, Petitioner was subject only to registration requirements in Pennsylvania, which were vacated by the Order. Citing to the attachments to PSP's brief, such as Petitioner's completed out-of-state sexual offender registration questionnaires, Petitioner notes that New York no longer includes Petitioner on its sexual offender registry and asserts "it is at best debatable whether [Petitioner] had any existing registration obligations anywhere when Act 10 went into effect." (Petitioner's Reply Br. at 9.) PSP's attempt to impose new registration requirements on Petitioner now based upon "vestigial requirements that may have existed" when Act 10 was enacted is contrary to the plain language of Act 10 and contrary to the rule of lenity, which requires that ambiguous provisions be construed against the government. (*Id.*)

Section 9799.54(a)(4) of Act 10, which governs applicability of the registration provisions, states:

> **(a) Registration.--** The following individuals shall register with the [PSP] as provided in this subchapter:
>
> . . . .
>
> (4) An individual who was convicted of an offense similar to an offense set forth in section 9799.55 under the laws of the United States or one of its territories or possessions, [or] another state . . . who, as of February 21, 2018, has not completed registration requirements. The period of registration shall be as set forth in section 9799.56(b)(4) (relating to registration procedures and applicability) less any credit for time spent on a sexual offender registry of the United States or one of its territories or possessions, another state, the District of Columbia, the Commonwealth of Puerto Rico, a foreign nation or with the Pennsylvania State Police prior to February 21, 2018.

42 Pa. C.S. § 9799.54(a)(4).

Petitioner argues that the Order vacated his registration requirements in their entirety in January 2018 and, therefore, he "completed registration requirements" by February 21, 2018, and is entitled to summary relief. *Id.* We cannot agree for the same reasons as set forth above. In short, there remains a dispute regarding what Petitioner sought in the Motion to Vacate and what common pleas granted in the Order, which precludes summary relief.

However, PSP argues that Act 10 applies to Petitioner because Section 9799.54(a)(4) applies to registrants who have "not completed registration requirements" in the jurisdiction in which they committed the triggering offense. *Id.* Regardless of whether PSP's interpretation of Section 9799.54(a)(4) is correct, there are factual disputes regarding Petitioner's obligation to register in any other jurisdiction. PSP asserts Petitioner was a lifetime registrant in New York given the nature of his offense. For this, PSP relies upon the sworn declaration of Trooper Matthew Webb (Webb Declaration) of PSP's Megan's Law Section, in which Trooper Webb states that his review of Petitioner's file demonstrates that Petitioner was required to register for life in New York and this lifetime registration requirement applied under Megan's Law III[5] at the time of Petitioner's relocation to Pennsylvania.[6] However, Petitioner disagrees, relying upon two attachments to the

---

[5] *Former* 42 Pa. C.S. §§ 9791-9799.9. Megan's Law III was found unconstitutional by the Supreme Court in *Commonwealth v. Neiman*, 84 A.3d 603 (Pa. 2013).

[6] Trooper Webb asserts that the lifetime registration requirement at the time of Petitioner's relocation to Pennsylvania was pursuant to Megan's Law III, which was the law in effect in 2007. However, Petitioner avers in his Petition that he relocated in 1998 and was subject to registration requirements under Megan's Law I, Act of October 24, 1995, P.L. 1079 (Spec. Sess. No. 1), *former* 42 Pa. C.S. §§ 9791-9799.6, which was subsequently found unconstitutional in *Commonwealth v. Williams*, 733 A.2d 593 (Pa. 1999). (Petition ¶¶ 5, 6.) As a result, it is also unclear at this stage when Petitioner relocated and what his registration requirements may have been at that time.

Webb Declaration. These attachments are completed questionnaires entitled "out-of-state registration questions," dated 2007 and 2012, which detail information regarding Petitioner's convictions and accompanying registration requirements in New York. On the bottom of one questionnaire is a handwritten notation "[n]ot on NY or nat[iona]l registry." (PSP's Br., Ex. A, Attachment A.) Therefore, the parties disagree not only as to whether Petitioner is required to register in Pennsylvania under Act 10 but also as to whether he is still subject to registration requirements in New York, which could affect his requirement to register in Pennsylvania. We cannot address PSP's and Petitioner's arguments regarding the statutory construction of Section 9799.54 given these disputed facts. Accordingly, we deny Petitioner's Application with regard to his claim for declaratory and/or injunctive relief that Act 10 does not apply to him by its terms.

### c. *Whether the Commonwealth is a proper party to this action.*

Finally, PSP raises in its brief in opposition to the Application that the Commonwealth is not a proper party because it is entitled to sovereign immunity on these claims where Petitioner's claims are in the nature of equitable and injunctive relief. Petitioner responds that he has no objection to the dismissal of the Commonwealth as a party. Petitioner asserts that he named the Commonwealth as a party "in an abundance of caution," but if the Commonwealth is not a proper party, Petitioner does not object to the Commonwealth's dismissal. (Petitioner's Reply Br. at 10.) Because Petitioner does not object and the Commonwealth has not participated, we dismiss the Commonwealth as a party.

### III. Conclusion

There remain factual disputes between the parties as to the Order that Petitioner relies upon as his basis for mandamus and declaratory and/or injunctive relief regarding his registration requirements in Pennsylvania, as well as whether Petitioner is still subject to registration requirements in New York. Because there are material issues of fact remaining, Petitioner's right to relief is not clear and summary relief is not appropriate at this time. Accordingly, we deny Petitioner's Application. Further, because the parties agree that the Commonwealth is not a proper party, we dismiss the Commonwealth as a party.

 

**RENÉE COHN JUBELIRER,** Judge

14

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Angel Rivera,                          :
                         Petitioner     :
                                     :
                v.                     :  No. 574 M.D. 2018
                                     :
Pennsylvania State Police and          :
Commonwealth of Pennsylvania,          :
                    Respondents    :

## O R D E R

**NOW**, January 24, 2020, Angel Rivera's (Petitioner) Application for Summary Relief is hereby **DENIED**.  Because Respondent Pennsylvania State Police asserts that the Commonwealth of Pennsylvania (Commonwealth) is not a proper party and Petitioner has no objection to the Commonwealth's dismissal, this action is **DISMISSED** as to the Commonwealth.

                                    _____

                                    **RENÉE COHN JUBELIRER,** Judge