# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Norman E. Gregory, | : | |
| | : | |
| Petitioner | : | |
| | : | |
| v. | : | No. 245 M.D. 2015 |
| | : | Submitted: February 23, 2018 |
| Pennsylvania State Police, | : | |
| | : | |
| Respondent | : | |

BEFORE:    HONORABLE MARY HANNAH LEAVITT, President Judge
                  HONORABLE MICHAEL H. WOJCIK, Judge
                  HONORABLE DAN PELLEGRINI, Senior Judge

OPINION BY JUDGE WOJCIK                 FILED: May 2, 2018

Before this Court for disposition in our original jurisdiction are cross-applications for summary relief regarding the application of Pennsylvania's sex offender registration scheme for convicted sex offenders in the act known as the Sexual Offender Registration and Notification Act (SORNA),[1] which is the General Assembly's fourth iteration of the law commonly referred to as Megan's Law.[2]

---

[1] Section 9799.10-9799.41 of the Sentencing Code, 42 Pa. C.S. §§9799.10-9799.41, effective December 20, 2012.

[2] The General Assembly enacted Megan's Law I, Act of October 24, 1995, P.L. 1079 (Spec. Sess. No. 1), which became effective 180 days thereafter. In response to Megan's Law I being ruled unconstitutional by our Supreme Court in *Commonwealth v. Williams*, 733 A.2d 593 (Pa. 1999), the General Assembly enacted Megan's Law II, Act of May 10, 2000, P.L. 74. Our Supreme Court held that some portions of Megan's Law II were unconstitutional in *Commonwealth v. Gomer Williams*, 832 A.2d 962 (Pa. 2003), and the General Assembly

Based on the Supreme Court's recent decision in *Commonwealth v. Muniz*, 164 A.3d 1189 (Pa. 2017), *cert. denied*, __ U.S. __, 138 S.Ct. 925 (2018), we grant in part, deny in part, and dismiss as moot in part the cross-applications.

On December 29, 2017, Norman E. Gregory (Petitioner), proceeding *pro se*, filed a Third Amended Petition for Review (Petition) against Respondent Pennsylvania State Police (PSP).[3] In Count I of the Petition, Petitioner alleges that SORNA is unconstitutional as applied to him because it denies him equal protection under the law. In Count II, he requests that this Court strike Section 9799.11(b)(2) of SORNA, 42 Pa. C.S. §9799.11(b)(2), which declares that SORNA "shall not be construed as punitive." He claims it is for the courts to determine whether or not a statute is punitive, not the General Assembly. In Count III, he alleges that SORNA's notification and registration requirements and related procedures are unconstitutional as applied to him under the Ex Post Facto clause of the U.S. Constitution, Article I, Section 10. Petition at ¶¶16-32.

The facts of this case are not in dispute and are summarized as follows. Petitioner pled nolo contendere on March 2, 1983, in the Allegheny County Court

responded by enacting Megan's Law III, Act of November 24, 2004, P.L. 1243. The United States Congress expanded the public notification requirements of state sexual offender registries in the Adam Walsh Child Protection and Safety Act of 2006, 42 U.S.C. §§16901-16945, and the Pennsylvania General Assembly responded by passing SORNA on December 20, 2011, "[t]o bring the Commonwealth into substantial compliance with the Adam Walsh Child Protection and Safety Act of 2006." 42 Pa. C.S. §9799.10(1). SORNA went into effect a year later on December 20, 2012. Megan's Law III was also struck down by our Supreme Court for violating the single subject rule of Article III, Section 3 of the Pennsylvania Constitution. *Commonwealth v. Neiman*, 84 A.3d 603 (Pa. 2013). However, by the time that it was struck down, Megan's Law III had been replaced by SORNA.

[3] For additional history regarding this case, please refer to the Court's prior opinions entered in this matter. *See Gregory v. Pennsylvania State Police* (Pa. Cmwlth., No. 245 M.D. 2015, filed October 3, 2016); *see also Gregory v. Pennsylvania State Police* (Pa. Cmwlth., No. 245 M.D. 2015, filed March 21, 2017) (single judge op., Cohn Jubelirer, J.).

2

of Common Pleas (trial court) to charges including Attempted Rape, Rape, Robbery, Indecent Assault, Burglary, Terroristic Threats, False Imprisonment, Simple Assault and Recklessly Endangering Another Person. *Gregory v. Pennsylvania State Police* (Pa. Cmwlth., No. 245 M.D. 2015, filed October 3, 2016), slip op. at 2. On February 15, 1984, the trial court sentenced him to an aggregate term of incarceration of 17½ to 50 years. *Id.* Petitioner is currently incarcerated at a state correctional institution. *Id.* Petitioner has been granted parole but remains incarcerated with the Pennsylvania Department of Corrections awaiting approval of a home plan. *Id.* Upon his release from incarceration, Petitioner will be required to register as a sex offender under SORNA. *See* 42 Pa. C.S. §9799.13(2).

SORNA established a three-tier classification system for sexual offenders. 42 Pa. C.S. §9799.14. An offender's tier status is determined by the offense committed and impacts the length of time an offender is required to register and the severity of the punishment should an offender fail to register or provide false registration information. 42 Pa. C.S. §9799.15; 18 Pa. C.S. §4915.1. Under SORNA, Attempted Rape and Rape are Tier III offenses. 42 Pa. C.S. §9799.14(d)(4). Tier III offenders are required to register for the offender's lifetime. 42 Pa. C.S. §9799.15.

Once the pleadings closed, the parties filed cross-applications for summary relief. Petitioner filed a Motion for Summary Judgment seeking summary judgment as to Counts II, relating to the General Assembly's classification of SORNA as nonpunitive, and III of his Petition, his ex post facto claim. In turn, PSP filed an Application for Summary Relief as to all three counts. Both parties filed

3

answers in response and briefs in support.[4]  The cross-applications are ready for disposition.[5]

## Count III – Ex Post Facto Law

We begin by addressing the parties' applications as they pertain to Count III of the Petition, Petitioner's ex post facto claim.  Petitioner alleges that he should not be subjected to SORNA's registration requirements based on the Supreme Court's recent decision in *Muniz*.  In *Muniz*, the Supreme Court held that SORNA's enhanced registration requirements are punitive in effect and cannot be applied retroactively.  Because SORNA went into effect after his conviction, Petitioner asserts that application of SORNA against him violates the ex post facto clause of the United States and Pennsylvania Constitutions.  PSP concedes that "*Muniz* is final and dispositive in the instant case regarding the ex post facto arguments set forth in Count III of the [Petition]."  Respondent's Status Report, 2/8/18, at ¶9.

---

[4] Shortly after the parties filed briefs, PSP filed an Application for Stay in this proceeding pending disposition of a petition for a writ of certiorari filed with the United States Supreme Court in *Muniz*, which we granted.  Commonwealth Court Order, 9/12/17, at 1.  The United States Supreme Court denied the petition for a writ of certiorari.  *See Pennsylvania v. Muniz*, __ U.S. __, 138 S.Ct. 925 (2018).  This Court lifted the stay.  Commonwealth Court Order, 2/12/18, at 1.

On March 1, 2018, Petitioner filed an unopposed motion to expedite, which this Court granted.  Commonwealth Court Order, 4/1318, at 1.

[5] An application for summary relief may be granted if a party's right to judgment is clear and no material issues of fact are in dispute.  Pa. R.A.P. 1532(b); *Jubelirer v. Rendell*, 953 A.2d 514, 521 (Pa. 2008); *Eleven Eleven Pennsylvania, LLC v. Commonwealth*, 169 A.3d 141, 145 (Pa. Cmwlth. 2017).  When ruling on an application for summary relief, "'we must view the evidence of record in the light most favorable to the non-moving party and enter judgment only if there is no genuine issue as to any material facts and the right to judgment is clear as a matter of law.'" *Eleven Eleven*, 169 A.3d at 145 (quoting *Markham v. Wolf*, 147 A.3d 1259, 1270 (Pa. Cmwlth. 2016) (citation omitted)).

Both the federal and state constitutions prohibit the enactment of "ex post facto" laws. U.S. Const. art. I, §10; Pa. Const. art. I, §17. In *Muniz,* our Supreme Court examined whether SORNA constituted an unconstitutional ex post facto law. The Court opined there are two critical elements that must be met for a criminal or penal law to be deemed ex post facto. First, "'it must be retrospective, that is, it must apply to events occurring before its enactment.'" *Muniz*, 164 A.3d at 1195-96 (quoting *Weaver v. Graham*, 450 U.S. 24, 29 (1981)). Second, "'it must disadvantage the offender affected by it.'" *Id.* at 1196 (quoting *Weaver*, 450 U.S. at 29). Applying this analysis to SORNA, the Court determined that application of SORNA implicated the ex post facto clauses because the statute would inflict greater punishment on the sex offender than the law in effect at the time he committed his crimes. *Id.* at 1196. Thus, our Supreme Court held that the registration provisions of SORNA are punitive in nature and a retroactive application violates the federal Ex Post Facto Clause of the U.S. Constitution, U.S. Const. art. I, §10, and the ex post facto clause of the Pennsylvania Constitution, Pa. Const. art. I, §17. *Id.*[6]

Here, Petitioner committed his crimes and entered a plea of nolo contendere long before SORNA went into effect, when the registration requirements for Attempted Rape and Rape were much less onerous. Consequently, SORNA cannot be applied retroactively to Petitioner without violating the ex post facto clauses of the U.S. and Pennsylvania Constitutions. *Muniz*, 164 A.3d at 1192-93. Thus, Petitioner is not required to register under SORNA for the 1982 offenses that

---

[6] In response to *Muniz*, the General Assembly amended SORNA by enacting the Act of February 21, 2018, P.L. 27 (Act 10), which became effective immediately. *See* 42 Pa. C.S. §9799.11(b)(4). Because Petitioner committed his offenses in 1982 and was convicted in 1983, it would appear that Act 10 does not apply to Petitioner.

5

led to his 1983 conviction.  Accordingly, we grant summary relief to Petitioner on Count III of his Petition and correspondingly deny summary relief to PSP on this count.[7]

_____
MICHAEL H. WOJCIK, Judge

_____

[7] In light of this disposition, which is dispositive, we need not address the remaining grounds asserted for summary relief, which are rendered moot.

6

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Norman E. Gregory, | : | |
| | : | |
| Petitioner | : | |
| | : | |
| v. | : | No. 245 M.D. 2015 |
| | : | |
| Pennsylvania State Police, | : | |
| | : | |
| Respondent | : | |

## **O R D E R**

AND NOW, this 2nd day of May, 2018, upon consideration of the parties' cross-applications for summary relief to Petitioner's Third Amended Petition for Review (Petition), and for the reasons set forth in the foregoing opinion, the applications are granted in part, denied in part, and dismissed as moot in part, as follows:

1. Petitioner's Motion for Summary Judgment as to Count III of the Petition (the ex post facto clause claim) is GRANTED, and Respondent's Application for Summary Relief in this regard is DENIED. Respondent shall not enforce the Sexual Offender Registration and Notification Act's[1] registration requirements against Petitioner for the offenses that led to his 1983 conviction.

2. Counts I and II of the Petition and the parties' respective applications as they pertain to these counts are DISMISSED AS MOOT.

_____
MICHAEL H. WOJCIK, Judge

---

[1] Section 9799.10-9799.41 of the Sentencing Code, 42 Pa. C.S. §§9799.10-9799.41, effective December 20, 2012.