# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Angel Rivera,                                          :
                         Petitioner          :
                                       :
                v.                   : No. 574 M.D. 2018
                                       : Submitted: January 15, 2021
Pennsylvania State Police and              :
Commonwealth of Pennsylvania,            :
                          Respondents        :


BEFORE:     HONORABLE RENÉE COHN JUBELIRER, Judge
                    HONORABLE ANNE E. COVEY, Judge
                    HONORABLE ELLEN CEISLER, Judge


OPINION BY
JUDGE COHN JUBELIRER                    FILED: May 20, 2021

Presently before the Court in our original jurisdiction is Angel Rivera's (Petitioner) Second Application[1] for Summary Relief (Application) on certain counts enumerated in his Petition for Review (Petition) against the Pennsylvania State Police (PSP) and the Commonwealth of Pennsylvania.[2] Petitioner seeks mandamus relief or, in the alternative, declaratory or injunctive relief, with regard to whether he is required to register as a sexual offender under the most recent enactment of the Sexual Offender Registration and Notification Act, Act of February 21, 2018, P.L. 27 (Act 10), 42 Pa.C.S. §§ 9799.10-9799.75, *as amended* by the Act of June 12, 2018, P.L. 140 (Act 29) (collectively, Act 10). Previously, in *Rivera v. Pennsylvania State Police* (Pa. Cmwlth., No. 574 M.D. 2018, filed January 24, 2020) (*Rivera I*),

---

[1] The first application for summary relief was denied in *Rivera v. Pennsylvania State Police* (Pa. Cmwlth., No. 574 M.D. 2018, filed January 24, 2020) (*Rivera I*).

[2] Upon the agreement of parties, the Commonwealth was dismissed as a party in *Rivera I*.

this Court denied Petitioner's first application for summary relief because factual disputes remained and Petitioner's right to relief was not clear. In the instant Application, Petitioner contends that he is entitled to summary relief because the requirements of Subchapter I of Act 10 (Subchapter I)[3] cannot be imposed in this instance. In the alternative, Petitioner argues that summary relief is warranted because Subchapter I is punitive and its imposition constitutes an *ex post facto* violation.[4]

## I. Factual Background

The parties have stipulated to the following facts. In 1989, Petitioner "pled guilty to rape in the first degree in New York and was sentenced to three to nine years' imprisonment." (Joint Stipulation of Facts ¶ 1.) Based upon this guilty plea, Petitioner was required to register as a sex offender for his lifetime in New York. (*Id.* ¶¶ 2-3.) Around 1998, Petitioner relocated to Pennsylvania and began the

---

[3] Through Acts 10 and 29, the General Assembly passed the newest version of the Sexual Offender Registration and Notification Act in response to the Supreme Court's decision in *Commonwealth v. Muniz*, 164 A.3d 1189 (Pa. 2017). Section 9799.51(b)(4) of Act 10, 42 Pa.C.S. § 9799.51(b)(4). In Subchapter I of Act 10, the General Assembly also established new registration requirements for: (1) individuals who committed offenses between April 22, 1996, and December 20, 2012, whose registration period had not expired; and (2) offenders who were required to register under a pre-Sexual Offender Registration and Notification Act statute between April 22, 1996, and December 20, 2012, whose registration period had not yet expired. *See* Section 9799.52 of Act 10, 42 Pa.C.S. § 9799.52.

[4] The prohibition of *ex post facto* laws is found in the United States Constitution in Article I, Section 9, which is a limitation on Congress's authority to pass laws, and in Article I, Section 10, which is a limitation on the power of the states. Article I, Section 9 states: "No Bill of Attainder or *ex post facto* Law shall be passed." U.S. CONST. art. I, § 9. Article I, Section 10 similarly provides: "No State shall . . . pass any Bill of Attainder, *ex post facto* Law." U.S. CONST. art. I, § 10. Pennsylvania's *ex post facto* provision appears in article I, section 17 of the Pennsylvania Constitution, which states: "No *ex post facto* law, nor any law impairing the obligation of contracts, or making irrevocable any grant of special privileges or immunities, shall be passed." PA. CONST. art. I, § 17.

2

process of registering as a sex offender. (*Id.* ¶¶ 4-5.) As Petitioner no longer lived in New York, his registration in New York was no longer required. (*Id.* ¶ 6.) Nevertheless, the conviction and requirements have never been vacated, and he would be required to register if he moved back to New York. (*Id.* ¶¶ 7, 17.)

The Sexual Offender Registration and Notification Act (SORNA), *formerly* 42 Pa.C.S. §§ 9799.10-9799.41, became effective in December 2012, and, in 2013, Petitioner was convicted by the Court of Common Pleas for York County (trial court) for failure to register as a sex offender under SORNA. (Joint Stipulation of Facts ¶ 8.) Following the Pennsylvania Supreme Court's decision in *Commonwealth v. Muniz,* 164 A.3d 1189 (Pa. 2017), in which the Supreme Court determined SORNA violated the *ex post facto* clauses of the United States and Pennsylvania Constitutions, Petitioner filed a motion to vacate his conviction for failure to register, which the trial court granted. (*Id.* ¶¶ 9-10.) In addition, in 2017, Petitioner filed a Motion to Vacate Sex Offender Registration Requirements (Motion) with the trial court. (*Id.* ¶ 11.) The Motion[5] stated that Petitioner had no duty to register as a sex offender in Pennsylvania because no registration scheme could be enforced against Petitioner. (*Id.*) On January 3, 2018, the trial court "grant[ed Petitioner's Motion . . . [and Petitioner's] sex offender registration requirements [were] vacated" (January 2018 order). (*Id.* ¶ 12.) Accordingly, PSP removed Petitioner from the registry and notified Petitioner of his removal by letter dated January 31, 2018. (*Id.* ¶ 13.) Between the January 2018 order and February 21, 2018, when Act 10 went into effect, Petitioner was not required to register. (*Id.* ¶ 15.) On May 10, 2018, PSP notified Petitioner that he was required to register as a sex offender for the rest of his life under Act 10. (*Id.* ¶ 16.)

---

[5] As noted in the Joint Stipulation of Facts, the Motion did not mention Act 10 as Act 10 had not been passed when the Motion was filed. (Joint Stipulation of Facts ¶ 11.)

Thereafter, Petitioner filed his Petition before this Court, seeking a writ of mandamus requiring PSP to comply with the trial court's January 2018 order (Count I) and, alternatively, requesting declaratory and/or injunctive relief by enjoining PSP from enforcing Act 10 against him. Specifically, Petitioner asserted that Act 10 applies to those who have not completed their registration requirements by February 21, 2018, which Petitioner alleged he has completed based upon the January 2018 order and, thus, Act 10 does not apply to him (Count II), and that Act 10 is punitive and cannot be retroactively applied (Count III).[6]

In his first application for summary relief, Petitioner sought "summary relief as to Count I in its entirety and as to Count II to the extent that he [was] entitled to declaratory and/or injunctive relief because Act 10 [did] not apply to him as an individual who has completed the registration requirements." *Rivera I*, slip op. at 3. In *Rivera I*, this Court determined that there remained

> a genuine issue of material fact that preclude[d] Petitioner's request for summary relief. Whether Petitioner [was] entitled to a writ of mandamus to compel PSP to comply with the [January 2018 order] depend[ed] upon resolution of the dispute regarding to what extent the [January 2018 order] vacated Petitioner's registration requirements and whether Act 10 restored Petitioner's registration requirements. Regardless of whether PSP has a mandatory duty to enforce a valid court order, we [could not] decide whether PSP must enforce the [January 2018 order] while the parties disagree about what the [January 2018 order] provides and the effect of Act 10. Until it is determined whether common pleas' [January 2018 order] applied, or could apply, only to Petitioner's registration requirements under SORNA and the effect on his registration requirements under Act 10, this Court [could not] determine that Petitioner ha[d] a clear right to mandamus relief. Accordingly, we den[ied] Petitioner's Application on this point.

---

[6] Although both of these issues appear under the heading "Count II" in his Petition, Petitioner refers to this second argument, that Act 10 is punitive and cannot be retroactively applied, as Count III in the Application; therefore, we shall also refer to it as such.

4

*Id*., slip op. at 8-9. On the matter of declaratory and/or injunctive relief, the Court again pointed to the disputed facts and disagreements between the parties, explaining "the parties disagree not only as to whether Petitioner is required to register in Pennsylvania under Act 10 but also as to whether he is still subject to registration requirements in New York, which could affect his requirement to register in Pennsylvania." *Id*., slip op. at 13. Petitioner's previous application was therefore denied in its entirety. *Id*., slip op. at 14.

Following our adjudication in *Rivera I*, Petitioner filed a Request for Evidentiary Hearing. PSP filed an answer in response to the Application, requesting that the hearing be limited to Petitioner's conviction and registration requirements in New York, but not contesting the evidentiary hearing itself. Following the telephone status conference with the Court, the parties notified the Court that they may be able to agree with one another on the factual issues. Accordingly, the Court directed the parties to stipulate to relevant facts and the authenticity and admissibility of relevant documents. (April 23, 2020 Order.) The parties filed a Joint Stipulation of Facts, and upon review, the Court determined that an evidentiary hearing was no longer needed. Citing the lack of factual disputes and this Court's decision in *T.S. v. Pennsylvania State Police*, 231 A.3d 103 (Pa. Cmwlth.), *rev'd*, 241 A.3d 1091 (Pa. 2020), the Court directed the parties to file dispositive motions by June 17, 2020. (May 18, 2020 Order.)

On June 17, 2020, Petitioner submitted the Application, asserting he "is entitled to summary relief on Counts [II] and [III] of his [P]etition." (Application at 2.) Petitioner argues that Subchapter I cannot apply to him because his registration requirements were terminated by the trial court's January 2018 order. (*Id*. at 3.) Petitioner contends that as there are no facts in dispute, and Subchapter I cannot

5

legally apply to Petitioner, summary relief should be granted in his favor on Count II. Petitioner additionally argues that summary relief under Count III would also be appropriate as "Subchapter I is punitive and its imposition thus represents retroactive punishment for an offense committed in 1989." (*Id*. at 11.) PSP filed a brief in response,[7] arguing that Petitioner's registration requirements still stand in New York as he would be a lifetime registrant and thus Section 9799.54(a)(4) of Subchapter I, 42 Pa.C.S. § 9799.54(a)(4), applies to Petitioner. (PSP's Br. at 6-7.) PSP asserts that Act 10 requires Pennsylvania to follow, and honor, the registration requirements of New York by requiring registration in Pennsylvania. (*Id*. at 8-9.)

On August 31, 2020, the parties submitted a Joint Application to Waive Argument, which the Court granted. This matter is now ripe for disposition.

## II. Discussion

This Court may grant an application for summary relief under Rule 1532(b) of the Pennsylvania Rules of Appellate Procedure, Pa.R.A.P. 1532(b), only if the moving "party's right to judgment is clear and no" issues of material fact remain in dispute among the parties. *Gregory v. Pa. State Police*, 185 A.3d 1202, 1205 n.5 (Pa. Cmwlth. 2018). The motion will only be granted if the dispute is legal rather than factual. *Phantom Fireworks Showrooms, LLC v. Wolf*, 198 A.3d 1205, 1220 (Pa. Cmwlth. 2018). For summary relief, the record "is the same as a record for purposes of a motion for summary judgment," and includes pleadings, depositions, answers to interrogatories, admissions, affidavits, and reports signed by expert

---

[7] Following PSP's filing of its brief, Petitioner filed a Motion to Strike Untimely Brief (Motion to Strike), alleging PSP's brief was untimely as it was not filed within the specified time period. PSP answered the Motion to Strike by stating the brief was responsive and not dispositive. In an order entered on August 20, 2020, the Court agreed the brief was not a dispositive motion, denied the Motion to Strike, and directed the Application for argument.

witnesses. *Summit Sch., Inc. v. Dep't of Educ.*, 108 A.3d 192, 195-96 (Pa. Cmwlth. 2015). "It is well established that testimonial affidavits . . . , even if not contradicted, [are] insufficient to establish the absence of a genuine issue of material fact because the credibility of the testimony is a matter for the factfinder." *Dep't of Transp. v. UTP Corp.*, 847 A.2d 801, 806 (Pa. Cmwlth. 2004). When ruling on an application for summary relief, "we review the record in the light most favorable to the nonmoving party, resolving all doubts as to the existence of disputed material fact against the moving party." *Marcellus Shale Coal. v. Dep't of Env't Prot.*, 216 A.3d 448, 458 (Pa. Cmwlth. 2019). With these principles in mind, we turn to each of Petitioner's bases for the requested summary relief.

A. *Count II: Whether Petitioner is entitled to declaratory and/or injunctive relief because Subchapter I does not apply to him.*

1. Petitioner's Arguments

According to Petitioner, Subchapter I's registration scheme applies in four scenarios, the first three of which only apply when the offense was committed in Pennsylvania, and thus only the fourth scenario, those "who, as of February 21, 2018, ha[d] not completed registration requirements[,]" could apply to Petitioner. (Application at 5 (quoting 42 Pa.C.S. § 9799.54(a)(4)).) However, Petitioner asserts his registration requirements were completed on January 3, 2018, when they were terminated by the January 2018 order. Petitioner argues the plain, unambiguous language of the statute, namely, the use of the word "completed," requires this result. Moreover, even if the statute was ambiguous, Petitioner asserts any ambiguity should be construed in his favor. Petitioner contends PSP's interpretation "reads an awful lot into [S]ection 9799.54(a)(4)," and does not "make sense." (*Id*. at 8.) Petitioner argues "an out-of-state registrant's requirements are filtered through

7

Pennsylvania law" upon moving to Pennsylvania, and the registration requirements that were in place in the other "jurisdiction cease to apply in any real sense." (*Id*. at 9.) According to Petitioner, that "is why . . . PSP removed [him] from the registry before Act 10 was enacted," and "[f]or it to now claim it did so even though [Petitioner's] registration requirements were not 'completed' is a tortured construction that should be rejected." (*Id.*)

Petitioner further argues that his interpretation is confirmed by Section 9799.52, which provides Subchapter I applies to individuals "convicted of a sexually violent offense committed on or after April 22, 1996, but before December 20, 2012, whose period of registration with [PSP], as described in Section 9799.55 (relating to registration) has not expired" and individuals "required to register with [PSP] under a former sexual offender registration law of this Commonwealth on or after April 22, 1996, but before December 20, 2012, whose period of registration has not expired." (*Id*. at 9-10 (quoting 42 Pa.C.S. § 9799.52) (emphasis omitted)). Petitioner contends neither situation applies to him as his date of conviction precludes him falling within the first category, and his "registration requirements had expired by the time Subchapter I went into effect," thereby precluding him from the second category, as well. (*Id*. at 10.)

Accordingly, Petitioner requests the Court grant him summary relief as to Count II.

2. PSP's Response

PSP responds that Subsection I applies because Petitioner's registration is not completed. PSP maintains Petitioner is ignoring that Pennsylvania "gives full faith and credit to out[-]of[-]state registration schemes." (PSP's Brief (Br.) at 5-6 (citing

42 Pa.C.S. § 9799.56(b)(4)).) When a required registrant of another jurisdiction moves to Pennsylvania, PSP argues Pennsylvania will honor those out-of-state requirements and mirror the registration requirement of the state of conviction. (*Id*. at 6.) Any requirements of New York apply to Pennsylvania and, thus, Petitioner's lifetime registration requirement in New York prevents any completion of Pennsylvania requirements.

PSP further asserts Subchapter I does apply to Petitioner under Section 9799.54(a)(4), not Section 9799.52. (*Id*.) Section 9799.54(a)(4) inherently references out-of-state requirements, which would have been completed **in that jurisdiction**. It would reason that any section that uses registration requirements **from another jurisdiction** would refer to completion of requirements in that same jurisdiction. (*Id*. at 7.) It would be "nonsensical to interpret 'completed' in Section [9799.54](a)(4) to reference completion of Pennsylvania registration requirements because for out-of-state offenders, Pennsylvania is not the controlling jurisdiction." (*Id*.) The registration requirements rely on the requirements of "the state where the triggering offense took place." (*Id*.) Petitioner's registration will never be complete when his New York conviction remains a lifetime registration.

3. Analysis

Section 9799.54(a) of Subchapter I sets forth the following categories of individuals who are required to register:

> (1) An individual who committed a sexually violent offense within this Commonwealth and whose period of registration with the [PSP], as specified in section 9799.55[, 42 Pa.C.S. § 9799.55] (relating to registration), as of February 21, 2018, has not expired. The individual shall register for the period of time under section 9799.55 less any credit for time spent registered with the [PSP] prior to February 21, 2018.

9

(2) An individual who committed a sexually violent offense within this Commonwealth and who has failed to register with the [PSP]. In such a case, the individual shall register for the period of time under section 9799.55.

(3) An individual who committed a sexually violent offense within this Commonwealth and is an inmate in a State or county correctional facility of this Commonwealth, including a community corrections center or a community contract facility, is being supervised by the Pennsylvania [Parole Board] . . . or county probation or parole, is subject to a sentence of intermediate punishment or has supervision transferred under the Interstate Compact for Adult Supervision in accordance with section 9799.62(e)[, 42 Pa.C.S. § 9799.62(e)] (relating to other notification). The individual shall register for the period of time under section 9799.55, except that the period required in section 9799.55 shall be tolled for any period of time the individual is recommitted for a parole violation or sentenced to a term of imprisonment.

(4) An individual who was convicted of an offense similar to an offense set forth in section 9799.55 under the laws of the United States or one of its territories or possessions, another state, the District of Columbia, the Commonwealth of Puerto Rico, a foreign nation or under a former law of this Commonwealth or who was court martialed for a similar offense and who, as of February 21, 2018, **has not completed registration requirements**. The period of registration shall be as set forth in section 9799.56(b)(4)[, 42 Pa.C.S. § 9799.56(b)(4)] (relating to registration procedures and applicability) less any credit for time spent on a sexual offender registry of the United States or one of its territories or possessions, another state, the District of Columbia, the Commonwealth of Puerto Rico, a foreign nation or with the [PSP] prior to February 21, 2018.

42 Pa.C.S. § 9799.54(a) (emphasis added).

We agree with Petitioner that the only applicable part of Section 9799.54 of Subchapter I is paragraph (a)(4) relating to offenses from a different jurisdiction. Therefore, we must examine whether Petitioner had "completed [his] registration requirements" as of February 21, 2018. 42 Pa.C.S. § 9799.54(a)(4). Petitioner argues that his registration requirements were completed with the entry of the

10

January 2018 order. However, Pennsylvania extends full faith and credit to out-of-state registration schemes. *See* 42 Pa.C.S. § 9799.56(b)(4) (someone who is convicted in "another state" but resides, is employed, or is a student in the Commonwealth, and is required to register under a sexual offender statute of that state where he was convicted, shall register within three business days of arrival in the Commonwealth). When the Commonwealth considers whether an individual convicted in another state must register as a sex offender, the Commonwealth follows the state of conviction's registration requirements. The parties agreed, in the Joint Stipulation of Facts, that Petitioner's conviction and registration in New York remain in place. (*See* Joint Stipulation of Facts ¶ 17.) That New York conviction and registration were not impacted by the January 2018 order. As a result, Petitioner's registration is not complete under Section 9799.54(a)(4).

Petitioner alternatively argues that he is entitled to summary relief because Section 9799.52, titled "Scope," does not apply to him. Section 9799.52 applies to the following individuals:

> (1) convicted of a sexually violent offense committed on or after April 22, 1996, but before December 20, 2012, whose period of registration with the [PSP], as described in section 9799.55 (relating to registration), has not expired; or
>
> (2) **required to register with the [PSP] under a former sexual offender registration law of this Commonwealth on or after April 22, 1996, but before December 20, 2012, whose period of registration has not expired.**

42 Pa.C.S. § 9799.52 (emphasis added). Petitioner was required to register with the PSP in 2007, according to the Joint Stipulation of Facts. (Joint Stipulation of Facts ¶ 5.) Therefore, Subchapter I applies to Petitioner so long as his "period of registration has not expired." 42 Pa.C.S. § 9799.52. Petitioner argues that the

11

January 2018 order vacated the previous conviction and registration requirements, but, as discussed above, Petitioner's registration requirement has not expired and remains active should he move back to New York, the state of his conviction. (*See* Joint Stipulation of Facts ¶¶ 7, 17.) Petitioner was required to register with the PSP, and his registration in New York has never been vacated, and thus has not expired. Therefore, Section 9799.52 of Subchapter I does not excuse Petitioner from his registration requirements.

Accordingly, we cannot determine that Petitioner has completed the registration requirements under this section and therefore will not grant summary relief on this basis.

B. *Count III: Whether Petitioner is entitled to summary relief because Subchapter I is punitive and its imposition is retroactive punishment.*

1. Petitioner's Arguments

Petitioner alternatively argues, under Count III, that he is entitled to relief in accordance with this Court's decision in *T.S.*, arguing that Subchapter I is punitive and its imposition constitutes retroactive punishment and is thus an *ex post facto* law. Petitioner maintains he is "in exactly the same position as the *T.S.*" registrant, and thus "this Court should apply its *T.S.* analysis" to grant summary relief in this case. (Application at 22-23.) Specifically, Petitioner argues registration did not exist in 1989, the year of Petitioner's offense, in either Pennsylvania or New York. (*Id.* at 23.) While a scheme existed when Petitioner moved to Pennsylvania, the imposition of Subchapter I punishes for the offense, not the move to Pennsylvania. (*Id.* at 23-24.) As this *ex post facto* challenge was upheld in this Court's opinion in *T.S.*, Petitioner argues the Court must determine the same in this case. (*Id.* at 24.)

12

2. PSP's Response

PSP asserts generally that *T.S.* does not apply here because Petitioner was not convicted in Pennsylvania. (PSP's Br. at 8.) PSP argues the date of Petitioner's conviction is inconsequential because the registration reflects requirements in New York, not the conviction itself. (*Id.*) Act 10 only requires that Pennsylvania mirror the requirements of the state of conviction, and while there was no registration scheme in New York in 1989, New York still required Petitioner to register for life upon release. (*Id.*) According to PSP, as long as the requirements hold in New York, Petitioner must register in Pennsylvania since he moved here. (*Id.* at 9.) Furthermore, "[a] Pennsylvania Court cannot determine the *ex post facto* nature of another state's registration scheme." (*Id.*) If this Court would follow Petitioner's reasoning here and ignore "reciprocal registration, there is no way to capture out-of-state offenders." (*Id.* at 10.) "[A]n influx of sex offenders [would result,] as Pennsylvania [would] come[] to be known as the state where [one's] old registration scheme goes out the window." (*Id.*)

3. Analysis

In *T.S.*, this Court granted in part and denied in part a request for declaratory and injunctive relief against PSP, challenging the constitutionality of Subchapter I as violations of the *ex post facto* clauses of the United States and Pennsylvania Constitutions. 231 A.3d at 108. Like Petitioner here, the registrant in that case committed offenses before any registration scheme was enacted, and that was the basis upon which this Court held that Subchapter I as applied to the registrant was punitive. Upon looking at the factors established by the U.S. Supreme Court in *Kennedy v. Mendoza-Martinez*, 372 U.S. 144 (1963), to determine whether

Subchapter I is punitive in nature in such a way that it overcomes the General Assembly's nonpunitive purpose, *T.S.*, 231 A.3d at 121, we concluded that five of the seven factors weighed in favor of finding Subchapter I to be punitive as applied to the registrant. The effect of Subchapter I "goes beyond imposing mere registration and is punishment[,]" as none of those requirements, nor any other requirements, existed at the time of the triggering offense. *Id*. at 137. Accordingly, we granted in part and denied in part the registrant's application for summary relief, and ordered PSP not to apply Subchapter I to the registrant, which would result in his removal from the registry. *Id*.

However, after the briefs were filed in this case, the Supreme Court reversed this Court's decision in *T.S.* in a per curiam order. *T.S. v. Pa. State Police*, 241 A.3d 1091 (Pa. 2020) (*T.S. II*). In reversing this Court's decision, the Supreme Court cited its decision in *Commonwealth v. Lacombe*, 234 A.3d 602 (Pa. 2020), wherein it held that Subchapter I of Act 10 does not constitute criminal punishment and is not an *ex post facto* law. In *Lacombe*, two sex offenders, one convicted in 1997 and the other in 2014, challenged their reporting obligations following the Supreme Court's decision in *Muniz*, which invalidated a former sexual offender registration law. While the petitioners awaited the end of their registration requirements or continued challenging their registration requirements, the General Assembly enacted Subchapter I. The petitioners, even though *Muniz* was no longer valid, maintained that Subchapter I had to be applied retroactively, and thus was an unconstitutional *ex post facto* law, and punitive in nature.

The Supreme Court determined that three of the five *Mendoza-Martinez* factors weighed in favor of finding Subchapter I nonpunitive. The Supreme Court gave "little weight to the fact that Subchapter I promotes the traditional aims of

14

punishment and [gave] significant weight to the fact Subchapter I is narrowly tailored to its nonpunitive purpose of protecting the public." *Lacombe*, 234 A.3d at 626. The Supreme Court refused to determine that Subchapter I was a criminal penalty when legislative intent showed it remained a civil remedy. *Id.*

Because the Supreme Court overruled our decision in *T.S.* and determined that Subchapter I is not an *ex post facto* law and is not criminal punishment, *see T.S. II*, 241 A.3d 1091, Petitioner's argument based on this Court's decision in *T.S.* is inapplicable and will not support a grant of summary relief.

## III. Conclusion

Petitioner has not shown his right to relief on his claims is clear such that he is entitled to summary relief in his favor. Petitioner's registration requirements have not been completed in New York, and thus summary relief cannot be granted pursuant to Section 9799.54(a)(4). In addition, because this Court's decision in *T.S.* has been overturned by the Supreme Court, that decision cannot provide the basis for summary relief. Therefore, we deny Petitioner's Application.

 

**RENÉE COHN JUBELIRER**, Judge

15

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Angel Rivera,                                          :
                          Petitioner                   :
                                                       :
            v.                                         :   No. 574 M.D. 2018
                                                       :
Pennsylvania State Police and                          :
Commonwealth of Pennsylvania,                          :
                          Respondents                  :

# **O R D E R**

**NOW**, May 20, 2021, Angel Rivera's Application for Summary Relief is hereby **DENIED**.

_____
**RENÉE COHN JUBELIRER,** Judge