IN THE COMMONWEALTH COURT OF PENNSYLVANIA

S.S.,                                           :
                              Petitioner        :
                                                :
            v.                                  :     No. 215 M.D. 2021
                                                :     Submitted: August 26, 2022
Robert Evanchick, Commissioner                  :
of the Pennsylvania State Police,               :
                              Respondent        :

BEFORE:     HONORABLE RENÉE COHN JUBELIRER, President Judge
            HONORABLE ANNE E. COVEY, Judge
            HONORABLE LORI A. DUMAS, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE DUMAS                                        FILED: January 9, 2023

            Presently before this Court, in our original jurisdiction, is an application
for summary relief in which S.S. (Petitioner), a convicted sex offender, seeks the
removal of his name from the Pennsylvania State Police (PSP) sex offender registry.[1]
In support of his claim, Petitioner asserts that his lifetime registration requirement
expired on January 22, 2018, when the Pennsylvania Supreme Court's opinion in
*Commonwealth v. Muniz*, 164 A.3d 1189 (Pa. 2017), *cert. denied*, 138 S. Ct. 925
(2018), became final and that current registration requirements are inapplicable to
him.  Upon review, we deny Petitioner summary relief.

---

[1] Petitioner commenced this action *pro se*.  *See* Pet. For Rev., 7/13/21.  Thereafter,
Petitioner obtained counsel.  *See* Entry of Appearance, 1/31/22 (filed by Joseph D. Caraciolo,
Esq.).

## BACKGROUND[2]

On April 17, 2004, Petitioner was convicted of rape, sexual assault, and simple assault for an incident that occurred on June 16 or June 17, 2000.[3] The trial court sentenced Petitioner to an aggregate 10½ to 22 years of incarceration. On November 17, 2017, Petitioner was released on parole and registered with PSP as a sex offender.

On July 13, 2021, Petitioner commenced this action.[4] On September 7, 2021, Petitioner filed an application for summary relief. On July 7, 2022, PSP filed an answer.[5]

## ISSUE

Petitioner contends that his obligation to register with PSP as a convicted sex offender expired when the Supreme Court's decision in *Muniz* became final. *See* Pet'r's Br. at 5, 9. Further, according to Petitioner, the current registration requirements are inapplicable to him. *See id.* at 10. Therefore, Petitioner concludes, he is entitled to summary relief and asks that this Court direct PSP to remove

---

[2] We derive the following facts, which we accept as true for purposes of this disposition, from Petitioner's petition. *See* Pet. for Rev., 7/13/21.

[3] *See* 18 Pa. C.S. §§ 3121(a), 3124.1, and 2701(a), respectively.

[4] This is not the first time Petitioner has sought relief from his obligation to register as a convicted sex offender. *See* [S.S.] *v. Blocker* (Pa. Cmwlth., No. 255 M.D. 2018, filed Nov. 15, 2019) (unreported) (granting petitioner relief), *rev'd*, 247 A.3d 1018 (Pa. 2021).

[5] The Court directed PSP to file an answer to Petitioner's application for summary relief within 30 days of service of Petitioner's brief in support of summary relief. *See* Order, 4/1/22. Petitioner served PSP on June 8, 2022. *See* Certificate of Serv., 6/8/22. PSP filed an answer to Petitioner's petition on July 7, 2022. *See* Resp't's Answer, 7/7/22. PSP did not file an answer to Petitioner's application for summary relief.

Petitioner's name from the statewide sex offender registry and relieve him of any further registration and reporting obligations. *See id.* at 11.[6]

PSP responds that Petitioner's claim is devoid of merit. According to PSP, Petitioner was required to register as a sex offender upon his parole on November 14, 2017; his registration period never expired; and he remains subject to the lifetime registration and reporting requirements. *See* Resp't's Br. at 7 (unpaginated).[7]

## DISCUSSION

This Court may grant an application for summary relief if the party's right to judgment is clear, and no material issues of fact are in dispute. *Gregory v. Pa. State Police*, 185 A.3d 1202, 1205 n.5 (Pa. Cmwlth. 2018); Pa. R.A.P. 1532(b). In considering an application for summary relief, the record includes pleadings, depositions, answers to interrogatories, admissions, affidavits, and reports signed by expert witnesses. *Summit Sch., Inc. v. Dep't of Educ.*, 108 A.3d 192, 195-96 (Pa. Cmwlth. 2015). We must view this record in the light most favorable to the non-moving party. *Gregory*, 185 A.3d at 1205 n.5.

---

[6] Petitioner fails to develop a meaningful argument in support of these assertions. Rather, Petitioner merely sets forth the legislative and judicial history of sex offender registration laws in this Commonwealth. *See* Pet'r's Br. at 6-9 (block quoting *Commonwealth v. Torsilieri*, 232 A.3d 567, 575-81 (Pa. 2020)). Absent from this presentation, however, is any explanation as to why the *Muniz* decision caused the "expiration" of his obligation to register as a sex offender or why the current registration requirements do not apply to Petitioner. It is not this Court's responsibility to develop arguments on his behalf, which would place the Court "in the conflicting roles of advocate and neutral arbiter." *Commonwealth v. Brown*, 196 A.3d 130, 185 n.21 (Pa. 2018) (citation omitted).

[7] PSP further suggests that it is entitled to judgment as a matter of law. *See* Resp't's Br. at 7. We decline to grant such relief. *See C.M. v Pa. State Police*, 269 A.3d 1280, 1281 n.3 (Pa. Cmwlth. 2022) (noting that in the absence of an application for summary relief filed by a respondent, this Court lacks a "procedural vehicle" through which to dismiss a claim in this Court's original jurisdiction (citation omitted)).

Petitioner asserts that PSP has not contested the relevant facts. *See* Pet'r's Br at 4-5. We agree; there are no material facts in dispute. Thus, we consider whether Petitioner's right to judgment is clear as a matter of law. *Gregory*, 185 A.3d at 1205 n.5; Pa.R.A.P. 1532(b).

Petitioner asserts that his obligation to register with PSP as a sex offender expired when the *Muniz* decision became final. We disagree. In *Muniz*, a plurality of the Supreme Court determined that the retroactive application of the Sex Offender Registration and Notification Act (SORNA I), Act of Dec. 20, 2011, P.L. 446, No. 111, *as amended*, *formerly* 42 Pa. C.S. §§ 9799.10 to 9799.41, violated constitutional prohibitions against *ex post facto* laws. *Muniz*, 164 A.3d at 1193, 1223. It did not hold that a convicted sex offender's lifetime registration requirements expired. *See generally id.*

Petitioner further asserts that the current registration and reporting requirements for convicted sex offenders are inapplicable to him. Again, we disagree. In response to *Muniz*, the General Assembly passed Acts 10 and 29 of 2018 (collectively, SORNA II). *See* Act of Feb. 21, 2018, P.L. 27, No. 10 (Act 10), *as amended by* Act of June 12, 2018, P.L. 140, No. 29 (Act 29). SORNA II divided offender registration and reporting requirements into two distinct subchapters. Subchapter H applies to "individuals who committed a sexually violent offense on or after December 20, 2012, for which the individual was convicted[,]" 42 Pa. C.S. § 9799.11(c), and Subchapter I applies to individuals who committed a sexually violent offense "on or after April 22, 1996, but before December 20, 2012," and whose period of registration has not yet expired or whose registration requirements under a former sexual offender registration law have not expired. 42 Pa. C.S. § 9799.52.

Petitioner committed sexually violent offenses, including rape and sexual assault, on June 16 or June 17, 2000, and he was convicted of those sexually violent offenses. At that time, Petitioner became subject to the registration and reporting requirements set forth in a statutory regime preceding SORNA II and commonly known as Megan's Law II.[8] Under that former statutory regime, Petitioner was subject to lifetime registration as a sex offender. *See* 42 Pa. C.S. § 9795.1(b) (expired). Thus, because Petitioner committed sexually violent offenses after April 22, 1996, but before December 20, 2012, and because his lifetime registration requirement under Megan's Law II had not expired, Petitioner ultimately became subject to the registration and reporting requirements set forth in Subchapter I of SORNA II. *See* 42 Pa. C.S. § 9799.52. Under current law, Petitioner remains subject to lifetime registration as a sex offender. *See* 42 Pa. C.S. § 9799.55(b). *But see also* 42 Pa. C.S. § 9799.59 (providing a removal mechanism for lifetime registrants after 25 years).[9]

For these reasons, Petitioner has not established a clear right to judgment. Accordingly, we deny Petitioner summary relief.

_____
LORI A. DUMAS, Judge

---

[8] Act of May 10, 2000, P.L. 74, No. 18, *formerly* 42 Pa. C.S. §§ 9791-9799.7 (expired).

[9] We note further that our Supreme Court has determined that Subchapter I is nonpunitive and, therefore, does not violate the constitutional prohibition against *ex post facto* laws. *See Commonwealth v. Lacombe*, 234 A.3d 602 (Pa. 2020).

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

S.S.,                                        :
                         Petitioner          :
                                             :
          v.                                 :    No. 215 M.D. 2021
                                             :
Robert Evanchick, Commissioner               :
of the Pennsylvania State Police,            :
                         Respondent          :

# **O R D E R**

AND NOW, this 9th day of January, 2023, the Application for Summary

Relief, filed by Petitioner on September 7, 2021, is DENIED.


                              _____
                              LORI A. DUMAS, Judge