IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Seth H. Steinman, | : | |
| | : | |
| Petitioner | : | |
| | : | |
| v. | : | No. 255 M.D. 2018 |
| | : | Submitted: August 26, 2022 |
| Tyree C. Blocker, Commissioner | : | |
| of the Pennsylvania State Police, | : | |
| of the Commonwealth of | : | |
| Pennsylvania, | : | |
| | : | |
| Respondent | : | |

BEFORE:   HONORABLE MICHAEL H. WOJCIK, Judge
          HONORABLE CHRISTINE FIZZANO CANNON, Judge
          HONORABLE STACY WALLACE, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE WOJCIK                                    FILED:  June 29, 2023

Before this Court in our original jurisdiction is an application for summary relief (Application) filed by Respondent Tyree C. Blocker, former Commissioner (Commissioner) of the Pennsylvania State Police (PSP), pursuant to Pennsylvania Rule of Appellate Procedure 1532(b) (Pa.R.A.P. 1532(b)).  The Application follows the Pennsylvania Supreme Court *per curiam* order in *Steinman v. Blocker*, 247 A.3d 1018 (Pa. 2021) (*Steinman II*), which reversed our decision and remanded the matter for further consideration.  Upon review, we now grant the Commissioner's Application.

On April 12, 2018, Petitioner Seth H. Steinman (Registrant), proceeding *pro se*, initiated this action by filing a petition for review in the nature of

mandamus (PFR) and an application for summary relief against the Commissioner. In the PFR, Registrant alleged that he was found guilty of Rape, Sexual Assault, and Simple Assault in April of 2004, for offenses which occurred in June of 2000. PFR, ¶¶4, 8. Although Registrant was not found to be a Sexually Violent Predator, he was required to register as a sexual offender. *Id.*, ¶¶ 4-5. Registrant challenged his sexual offender registration obligations under the Act of February 21, 2018, P.L. 27, No. 10, 42 Pa. C.S. §§9799.10 - 9799.75 (commonly known as "Act 10"),[1] which was the version of the sexual offender registration law in effect at the time that he filed his PFR. Registrant asked this Court to declare that he is not required to register as a sexual offender with the PSP pursuant to Act 10, and that Act 10 is unconstitutional as applied to him pursuant to *Commonwealth v. Muniz*, 164 A.3d 1189 (Pa. 2016), *cert. denied*, 138 S. Ct. 925 (2018).[2]

During the pendency of this matter, the General Assembly reenacted and amended Act 10 by the Act of June 12, 2018, P.L. 140, No. 29, 42 Pa. C.S. §§9799.10-9799.75 (commonly known as "Act 29"), which is now the operative law. Pursuant to Subchapter I of Act 29, because Registrant's offense occurred in June 2000, he is required to register as a sexual offender. 42 Pa. C.S. §9799.55 (requiring those convicted of offenses occurring between April 22, 1996, and December 20, 2012, to register as a sexual offender). Ultimately, we determined that applying Act 29 to Registrant would be an *ex post facto* violation, and we granted Registrant's Application. *See Steinman v. Blocker* (Pa. Cmwlth., No. 255

---

[1] Act 10 replaced the Sexual Offender Registration and Notification Act, 42 Pa. C.S. §§9799.10-9799.41, which is commonly referred to as SORNA.

[2] In *Muniz*, our Supreme Court declared SORNA to be unconstitutional as applied in that case. The General Assembly responded to the *Muniz* decision by enacting Act 10, which reenacted and amended SORNA by adding several new provisions. *See* 42 Pa. C.S. §§9799.42, 9799.51-9799.75. Act 10 went into effect on February 21, 2018.

M.D. 2018, filed November 15, 2019) (*Steinman I*), *rev'd*, *Steinman II*. The Commissioner appealed.

By *per curiam* order dated July 21, 2020, the Supreme Court reversed this Court's decision upon determining that Subchapter I of Act 29 is not an *ex post facto* violation. *Steinman II* (citing *Commonwealth v. Lacombe*, 234 A.3d 602 (Pa. 2020)). The Supreme Court ordered this Court to consider, on remand, Registrant's remaining claims. *Id.* (citing *Commonwealth v. Butler*, 226 A.3d 972, 993 (Pa. 2020)). Those claims include: (1) a bill of attainder claim, PFR, ¶¶12-14, 19-21, 43; (2) a claim that Act 29 is "arbitrary" and "excessive," PFR, ¶¶15-16, 31-33, 44; and (3) a claim that Act 29 is "unreasonable" because it uses facts other than a prior conviction to increase penalties in violation of *Apprendi v. New Jersey*, 530 U.S. 466 (2000), PFR, ¶¶17-18, 34-35, 41, 45.

We are now presented with the Commissioner's Application seeking summary relief as well as his brief in support. Registrant failed to file a brief in opposition, despite extensions granted to him to do so. We will consider the matter on the basis of Registrant's PFR and the Commissioner's Application and brief.[3]

## 1. Bill of Attainder

First, Registrant claims that Act 29 specifically identifies convicted sexual offenders as the subjects of the legislation and punishes them in violation of

---

[3] Under Pa.R.A.P. 1532(b), this Court may grant an application for summary relief "if a party's right to judgment is clear and no material issues of fact are in dispute." *Jubelirer v. Rendell*, 953 A.2d 514, 521 (Pa. 2008); *Gregory v. Pennsylvania State Police*, 185 A.3d 1202, 1205 (Pa. Cmwlth. 2018). "When ruling on an application for summary relief, we must view the evidence of record in the light most favorable to the non-moving party and enter judgment only if there is no genuine issue as to any material facts and the right to judgment is clear as a matter of law." *Gregory*, 185 A.3d at 1202 (internal quotation and citation omitted).

the bill of attainder. He claims Act 29 is punitive because it requires lifetime registration without trial.

Article I, Section 9 of the United States Constitution serves as a limitation on Congress's authority to pass bill of attainder laws providing: "No Bill of Attainder or ex post facto Law shall be passed." U.S. Const. art. I, § 9, cl. 3. The proscription appears for the second time in Article I, Section 10, and, in this usage, constitutes a restriction on the power of the states: "No State shall . . . pass any Bill of Attainder, ex post facto Law, or Law impairing the Obligation of Contracts, or grant any Title of Nobility." U.S. Const. art. I, § 10, cl. 1.

"[A] bill of attainder is 'a legislative enactment which determines guilt and inflicts punishment upon an identifiable person or group without a judicial trial.'" *Shultz v. Workmen's Compensation Appeal Board (Leroy Roofing Co.)*, 621 A.2d 1239, 1242 (Pa. Cmwlth. 1993) (quoting *Commonwealth v. Scheinert*, 519 A.2d 422, 425 (Pa. Super. 1986)). Act 29 neither determines guilt nor inflicts punishment without a judicial trial. As our Supreme Court declared, Act 29 "does not constitute criminal punishment." *Lacombe*, 234 A.3d at 626. Act 29 does not determine guilt because that determination is made by our courts through a criminal trial. Registration under Act 29 is merely a civil consequence that flows from a conviction for certain sexual crimes, including rape. *See id.* at 626. Thus, the Commissioner is entitled to judgment in his favor on this claim.

### 2. Arbitrary and Excessive

Next, Registrant claims that Act 29 is "arbitrary" because it deprives him of his constitutional rights but "does not effectuate the state's purpose of protecting the public" from sexual offenders. PFR, ¶¶15, 31. He contends Act 29 "is excessive wherein the act[] continually punishes convicted sexual offenders who

4

do not commit additional sexual offenses after their release, destroying their reputations and any hope of repairing it." *Id.*, ¶¶16, 32-33. He challenges the General Assembly's finding regarding the rate of recidivism of sexual offenders. PFR, ¶¶32-33.

"[A]lthough whether a law is rationally related to a legitimate public policy is a question for the courts, the wisdom of a public policy is one for the legislature, and the General Assembly's enactments are entitled to a strong presumption of constitutionality rebuttable only by a demonstration that they clearly, plainly, and palpably violate constitutional requirements." *Shoul v. Department of Transportation, Bureau of Driver Licensing*, 173 A.3d 669, 678 (Pa. 2017) (citation omitted). The General Assembly has determined that adult sexual offenders, *as a group*, have a high risk of recidivism. 42 Pa. C.S. §9799.51(a)(2). Registrant argues that this legislative finding creates an improper irrebuttable presumption, which violates his procedural and substantive due process and infringes on his right to reputation. Where a colorable due process claim is presented, a petitioner "must be given a meaningful opportunity to present evidence in an effort to rebut the presumption with respect to an adult sexual offender's recidivation rates and the effectiveness of a tier-based registration and notification system." *Commonwealth v. Torsilieri*, 232 A.3d 567, 584 (Pa. 2020); *J.B. v. Pennsylvania State Police*, 273 A.3d 77, 84-85 (Pa. Cmwlth. 2022); *R.C. v. Evanchick* (Pa. Cmwlth., No. 223 M.D. 2019, filed March 17, 2021), slip op. at 18.[4]

Here, Registrant has been afforded such an opportunity. Although Registrant has had ample opportunity to rebut this legislative presumption and show

---

[4] Unreported memorandum opinions of this Court filed after January 15, 2008, may be cited for their persuasive value pursuant to Pa.R.A.P. 126(b), and Section 414(a) of the Court's Internal Operating Procedures, 210 Pa. Code §69.414(a).

how his reputation has been harmed since filing his PFR five years ago and since the Supreme Court remanded this case almost three years ago, he has not availed himself of this opportunity. Registrant has not sought a hearing in this case, presented any evidence in support of his claims, presented any material issues of fact, or even filed a brief in opposition to the Application. Without support, Registrant's conclusory claims that Act 29 is arbitrary and excessive based on alleged reputational harm and risk of recidivism both fail. Thus, we conclude that the Commissioner is entitled to judgment in his favor on these claims.

### 3. *Apprendi*

Lastly, Registrant claims that Act 29 makes a factual finding that he is at a high risk of reoffending. PFR, ¶¶6, 41. He claims that this violates *Apprendi*, in which the United States Supreme Court held it "is unconstitutional for a legislature to remove from the jury the assessment of facts that increase the prescribed range of penalties to which a criminal defendant is exposed. It is equally clear that such facts must be established by proof beyond a reasonable doubt." 530 U.S. at 490.

Contrary to Registrant's assertion, Act 29 does not make any factual finding specific to individuals included on the sexual offender registry. Rather, the General Assembly has merely determined that sexual offenders *as a group* are at high risk of re-offending. 42 Pa. C.S. §9799.51(a)(2). Furthermore, *Apprendi* is only implicated if additional criminal punishment is imposed. As discussed above, our Supreme Court has determined that Act 29 is nonpunitive. *Lacombe*, 234 A.3d at 626. Thus, the Commissioner is entitled to judgment in his favor on this claim.

6

Because we conclude that the Commissioner's right to relief is clear and no material issues of fact are in dispute, we grant his Application and dismiss Registrant's PFR.

_____
MICHAEL H. WOJCIK, Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Seth H. Steinman, :
:
Petitioner :
:
v. : No. 255 M.D. 2018
:
Tyree C. Blocker, Commissioner :
of the Pennsylvania State Police, :
of the Commonwealth of :
Pennsylvania, :
:
Respondent :

# **O R D E R**

AND NOW, this 29th day of June, 2023, Respondent's Application for Summary Relief is GRANTED, and Petitioner Seth H. Steinman's petition for review is DISMISSED.

_____
MICHAEL H. WOJCIK, Judge