# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

A.D.H., :
               Petitioner :
  :  No. 315 M.D. 2022
      v. :
  :  Submitted: September 9, 2024
Pennsylvania State Police, :
              Respondent :

BEFORE:   HONORABLE ELLEN CEISLER, Judge
             HONORABLE LORI A. DUMAS, Judge
             HONORABLE MARY HANNAH LEAVITT, Senior Judge

## _OPINION NOT REPORTED_

**MEMORANDUM OPINION BY**
**JUDGE DUMAS**                  **FILED: October 22, 2024**

Before the Court, in our original jurisdiction, is an application for summary relief filed by the Pennsylvania State Police (PSP). PSP has filed this application in response to a petition for review filed by A.D.H. (Petitioner), who seeks removal from the Pennsylvania sexual offender registry website (Registry). Previously, we denied Petitioner's application for summary relief. *See A.D.H. v. Pa. State Police* (Pa. Cmwlth., No. 315 M.D. 2022, filed June 3, 2024), *reconsideration denied* (July 2, 2024), slip op. at 1 (*A.D.H. I*). At that time, we had no procedural vehicle to dismiss the petition for review because PSP had not filed an application for summary relief. *See id.*, slip op. at 7 n.11 (citing *C.M. v. Pa. State Police*, 269 A.3d 1280, 1282 n.3 (Pa. Cmwlth. 2022) (*en banc*)).

Following our denial of Petitioner's application for summary relief, PSP filed an application for summary relief, and Petitioner filed a motion for

judgment on the pleadings. For the reasons stated in *A.D.H. I* and briefly discussed below, we grant PSP's application for summary relief, deny Petitioner's motion for judgment on the pleadings, and dismiss Petitioner's petition for review.

## I. BACKGROUND[1]

In 2010, Petitioner was found guilty of Rape of a Child, Indecent Assault, and Corruption of Minors.[2] He is incarcerated, serving a 13- to 30-year sentence. Also, he is subject to registration under Subchapter I of the Sex Offender Registration and Notification Act (SORNA).[3]

In June 2022, Petitioner *pro se* filed a petition for review seeking an order directing PSP to remove his name from the Registry. Petitioner asserted that the General Assembly utilized an unconstitutional irrebuttable presumption that sexual offenders have a reduced expectation of privacy to justify the registration and reporting requirements set forth in Subchapter I of SORNA. Petitioner sought summary relief. We denied summary relief and subsequently denied reconsideration. *See* Order, 7/2/24. On June 20, 2024, PSP filed an application for summary relief. Petitioner then filed a "Motion for Judgment on the Pleadings."

## II. ISSUES

PSP asserts that the legal issues in this case have already been litigated and its present application for summary relief provides the appropriate procedural vehicle to dismiss Petitioner's petition. *See* Resp't's Appl., ¶¶ 12-13, Wherefore clause, 6/20/24. For his part, Petitioner again asserts that he is entitled to summary

---

[1] We discern the following facts from Petitioner's petition. *See* Pet. for Rev., 6/6/22; *see also* *A.D.H. I*, slip op. at 1-2.

[2] 18 Pa.C.S. §§ 3121(c), 3126(a)(7), and 6301(a)(1)(ii), respectively.

[3] Act of February 21, 2018, P.L. 27, No. 10 (Act 10), 42 Pa.C.S. §§ 9799.10-9799.75, *as amended* by the Act of June 12, 2018, P.L. 140, No. 29 (Act 29).

2

relief but offers no additional evidence and merely reasserts arguments addressed in *A.D.H. I.* *See* Mot. ¶ 11, Wherefore clause.

### III. DISCUSSION

"Pennsylvania Rule of Appellate Procedure 1532(b) permits filing of an application for summary relief at any time after a petition for review has been filed in an original jurisdiction matter." *C.M. v. Pa. State Police*, 315 A.3d 908, 911 (Pa. Cmwlth. 2024). An application for summary relief may be granted if the party's right to judgment is clear as a matter of law and no material issues of fact are in dispute.[4] *Gregory v. Pa. State Police*, 185 A.3d 1202, 1205 n.5 (Pa. Cmwlth. 2018).

In *A.D.H. I*, we considered Petitioner's claim that 42 Pa.C.S. § 9799.51(a)(5) created an unconstitutional, irrebuttable presumption that sexual offenders have a reduced expectation of privacy.[5] *A.D.H. I*, slip op. at 4. "[T]he irrebuttable presumption doctrine safeguards protected interests limited by a statute that presumes that 'the existence of one fact [is] statutorily conclusive of the truth of another fact.'" *Id.* (quoting *In re J.B.*, 107 A.3d 1, 14 (Pa. 2014)). To establish that a statutory presumption is unconstitutional, a claimant must show that the presumption (1) impacts a protected interest, (2) is not universally true, and (3) there are reasonable alternatives to ascertain the presumed fact. *Id.* at 4-5 (citing *Commonwealth v. Torsilieri*, 232 A.3d 567, 586 (Pa. 2020)). "Critically, a

---

[4] The parties agree that there are no disputed material facts. *See* Resp't's Appl., Wherefore clause, 6/20/24; Mot. ¶¶ 10-11.

[5] This section provides:

**(a) Legislative findings.--**It is hereby determined and declared as a matter of legislative finding:

. . . .

(5) Persons found to have committed a sexual offense have a reduced expectation of privacy because of the public's interest in public safety and in the effective operation of government.

42 Pa.C.S. § 9799.51(a)(5).

[claimant] must submit evidence to establish that a presumption is not universally true." *Id.* at 5 (citing *In re J.B.* and *Torsilieri*). Absent such evidence, the claimant will be denied relief. *Id.* at 5-6.

Our prior analysis remains dispositive. First, we rejected Petitioner's premise that the statutory provision implicated the irrebuttable presumption doctrine because it was "a statement of policy in furtherance of the Commonwealth's interest in public safety and effective operation of government" rather than a statement of fact subject to inquiry and proofs. *Id.* at 6. Further, Petitioner presented no evidence in support of his assertions, thus precluding relief as a matter of law. *Id.* Because Petitioner's claim fails as a matter of law, PSP is entitled to summary relief. *See Gregory*, 185 A.3d at 1205 n.5.

Likewise, Petitioner's motion for judgment on the pleadings is denied. "Both an application for summary relief under Rule 1532 of the Pennsylvania Rules of Appellate Procedure and a motion for judgment on the pleadings under Rule 1034 of the Pennsylvania Rules of Civil Procedure seek similar relief." *Pa. Indep. Oil & Gas Ass'n v. Dep't of Env't Prot.*, 146 A.3d 820, 821 n.3 (Pa. Cmwlth. 2016) (*en banc*), *aff'd*, 161 A.3d 949 (Pa. 2017). Here, Petitioner's motion asserts the same grounds for relief that we rejected in *A.D.H. I* and offers no additional evidence. *See generally* Mot. Accordingly, Petitioner is not entitled to relief.

## IV. CONCLUSION

For the foregoing reasons, PSP's application for summary relief is granted and Petitioner's motion for judgment on the pleadings is denied.

_____
**LORI A. DUMAS, Judge**

4

**IN THE COMMONWEALTH COURT OF PENNSYLVANIA**

A.D.H.,                                         :
            Petitioner                    :
                         :   No. 315 M.D. 2022
            v.                              :
                         :

Pennsylvania State Police,                      :
            Respondent                    :

## O R D E R

AND NOW, this 22nd day of October, 2024, the application for summary relief filed by Respondent, the Pennsylvania State Police, is GRANTED. A.D.H.'s motion for judgment on the pleadings is DENIED. The petition for review is DISMISSED.

_____
**LORI A. DUMAS, Judge**