# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

D.M. and the Pennsylvania          :
Cannabis Coalition,                :  **CASE SEALED**
                                   :
                    Petitioners    :
                                   :
              v.                   :  No. 283 M.D. 2023
                                   :  Argued:  May 8, 2024
23rd Judicial District, Berks County, :
                                   :
                    Respondent     :


BEFORE:    HONORABLE RENÉE COHN JUBELIRER, President Judge
           HONORABLE PATRICIA A. McCULLOUGH, Judge
           HONORABLE MICHAEL H. WOJCIK, Judge
           HONORABLE CHRISTINE FIZZANO CANNON, Judge
           HONORABLE LORI A. DUMAS, Judge
           HONORABLE STACY WALLACE, Judge
           HONORABLE MATTHEW S. WOLF, Judge


OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE WOJCIK                              FILED:  August 21, 2024


Before this Court, in our original jurisdiction, are the cross-applications for summary relief (ASRs) filed by Petitioners D.M. (Veteran) and the Pennsylvania Cannabis Coalition (Coalition) (collectively, Petitioners) and Respondent 23rd Judicial District, Berks County Court of Common Pleas (Judicial District).  At issue is whether Petitioners have standing to bring this action, and, if so, whether the Berks

County Treatment Court Policy and Procedure Manual (Policy), which restricts the use of medical marijuana in the Judicial District's court treatment programs, violates Pennsylvania's Medical Marijuana Act (MMA)[1] and is, therefore, invalid. Upon determining that Petitioners lack standing to bring this action, we grant the Judicial District's ASR and deny Petitioners' ASR.

## I. Background

The Judicial District offers four treatment court programs: Veterans Treatment Court, Mental Health Treatment Court, Drug Treatment Court, and DUI (Driving Under the Influence) Treatment Court (collectively, Treatment Court(s)). The mission of the Treatment Courts is to help participants by integrating treatment for substance abuse and mental health with the justice system to promote public safety, individual responsibility, and reduction of drug/alcohol-related recidivism. Petitioners' ASR, Exhibit No. 1, Policy at 2. As the name suggests, the Veterans Treatment Court is specifically geared towards helping veterans who are honorably discharged from the military, eligible for benefits through the United States (U.S.) Veterans Administration (VA), including behavioral health services, drug and alcohol treatment, and healthcare, and who come in contact with the criminal justice system. *Id*. at 4. The Mental Health Treatment Court provides assistance to persons

---

[1] Act of April 17, 2016, P.L. 84, *as amended*, 35 P.S. §§10231.101-10231.2110. Under Section 403 of the MMA, patients suffering from "serious medical conditions" may use medical marijuana after registering with the state and obtaining a doctor's certification. 35 P.S. §10231.403. The law contains an immunity provision that protects patients from "arrest, prosecution or penalty in any manner" and prohibits patients from being "denied any right or privilege . . . solely for lawful use of medical marijuana." Section 2103(a) of the MMA, 35 P.S. §10231.2103(a).

diagnosed with mental health conditions within the last five years in such circumstances. *Id.*

The Judicial District adopted the Policy, which was last revised in March 2023,[2] establishing an application process and eligibility/ineligibility standards for persons seeking entry into the Treatment Courts. Petitioners' ASR, Exhibit No. 1, Policy at 3. The Policy "prohibits the use of all addictive medications," including "opiate-based pain medications, benzodiazepines or anti-anxiety medications, stimulant medications for the treatment of ADHD [(attention deficit hyperactivity disorder)], sleeping pills and muscle relaxers." *Id*. at 10. The Policy explains that these medications are prohibited because of the "high potential . . . to interfere with treatment and recovery efforts." *Id*. The Policy's Appendix includes "Medical Marijuana*" on the prohibited use list, noting:

> *Medical Marijuana use will be addressed on a case-by-case basis. Consideration for use should be accompanied by a letter addressed to the Court from a treating physician that details diagnosis and medical necessity for use.

*Id*. at 11 and Appendix.

On June 21, 2023, Petitioners filed a Petition for Review (PFR) in this Court's original jurisdiction challenging the validity of the Policy and seeking declaratory and injunctive relief. Specifically, Petitioners seek a declaration that the Policy's restriction on the use of medical marijuana violates the MMA and is invalid. Petitioners seek an injunction to enjoin the Judicial District from enforcing the Policy as it relates to medical marijuana.

---

[2] Prior to the March 2023 revision of the Policy, the Judicial District had four handbooks for each Treatment Court, which expressly prohibited medical marijuana use without exception. *See* Petitioners' ASR, Exhibit Nos. 9-12, Handbooks.

3

In support, Petitioners alleged that Veteran is a U.S. Air Force veteran, who served between 2005 and 2010 and was deployed to back-to-back combat missions in Iraq. As a result of his service, they alleged that Veteran has been diagnosed with post-traumatic stress disorder (PTSD), depression, anxiety, muscular-skeletal injuries, tinnitus, and bilateral hearing loss. PFR, ¶5. In 2018, a doctor prescribed medical marijuana for Veteran to help manage these conditions, and he received a medical marijuana identification card from the Pennsylvania Department of Health (DOH). *Id.*, ¶¶5, 20. In April 2022, Veteran was charged with a third-degree felony for carrying a firearm without a license (firearms offense) and summary offenses for disorderly conduct and public drunkenness. *Id.*, ¶23.

On December 5, 2022, Veteran applied for admission to Veterans Treatment Court. PFR, ¶27. On May 3, 2023, the Judicial District denied Veteran's application for "failure to comply with pretrial services." *Id.*, ¶57 (quoting PFR, Exhibit I, Order, 5/3/23, at 1). Petitioners alleged that the only basis for the denial was Veteran's "continued, lawful use of medical marijuana." *Id.*, ¶58; *see id.*, ¶65. On May 11, 2023, Veteran reapplied for Veterans Treatment Court. *Id.*, ¶60. Anticipating that his second application would again be denied based on his continued use of medical marijuana, Petitioners filed the PFR in this Court to challenge the Policy. *Id.*, ¶64. Petitioners contend that Veteran is personally aggrieved by the Policy's medical marijuana ban because it serves as a barrier to his admission into Veterans Treatment Court.

Regarding the Coalition, Petitioners alleged that the Coalition is a trade association that is comprised of approximately 75% of the entities permitted to grow/process or sell medical marijuana pursuant to the MMA, including three of

4

four dispensaries in Berks County. PFR, ¶66. The Coalition's members are permitted to sell medical marijuana only to patients who have obtained a card from the DOH. *Id.*, ¶67. When patients stop purchasing or using medical marijuana based on the Policy, the Coalition's members are financially harmed. *Id.*, ¶76. Thus, Petitioners maintain that the Coalition's members are also aggrieved by the Policy.

In response to the PFR, the Judicial District filed an Answer. The Judicial District denied that the Policy bans medical marijuana. Rather, the Policy permits participants to use medical marijuana on a case-by-case basis, and Treatment Court participants have been permitted to use medical marijuana in the program. The Judicial District denied Petitioners' claim that Veteran was not admitted to the Veteran's Treatment Court solely due to his lawful use of medical marijuana. At the time that his first application was considered, the Judicial District denied admission based on Veteran's failure to follow the treatment plan prescribed by the VA.

Subsequent to the PFR and Answer, by order dated August 28, 2023, the Judicial District denied Veteran's second application to the Veterans Treatment Court on the basis that he was not an appropriate candidate based on his mental health diagnoses. According to the Judicial District, the VA did not diagnose Veteran with PTSD, as alleged, but with schizophrenia and psychosis. Thereafter, Veteran applied for admission to the Mental Health Treatment Court. By order dated February 6, 2024, the Judicial District denied Veteran's application to the Mental Health Treatment Court upon determining that he was ineligible based on his firearms offense.

Meanwhile, in this Court, Petitioners filed an Application for Special Relief in the Nature of a Preliminary Injunction, which they amended, asking this

5

Court to enjoin the Judicial District from enforcing its Policy as it relates to his medical marijuana usage. Although a preliminary injunction hearing was scheduled, it was continued generally because of significant factual issues necessitating discovery prior to an evidentiary hearing. Following discovery, the parties filed cross-ASRs, which are now before this Court for disposition.[3, 4]

The parties present two issues for review. The first issue is whether Petitioners have standing to bring this action. The second issue is whether the Policy's position on medical marijuana violates the MMA and is invalid. In addition to the parties' briefs, Balanced Veterans Network[5] filed an amicus curiae brief in support of Petitioners' ASR. We first address the threshold issue of whether Petitioners have standing.

---

[3] An ASR may be granted if a party's right to judgment is clear and no material issues of fact are in dispute. Pa.R.A.P. 1532(b); *Jubelirer v. Rendell*, 953 A.2d 514, 521 (Pa. 2008). When ruling on an application for summary relief, "we must view the evidence of record in the light most favorable to the non-moving party and enter judgment only if there is no genuine issue as to any material facts and the right to judgment is clear as a matter of law." *Gregory v. Pennsylvania State Police*, 185 A.3d 1202, 1205 (Pa. Cmwlth. 2018) (citation omitted).

[4] Although it appears that some facts remain in dispute, particularly as to whether Veteran followed the recommended treatment plan, the parties agree that the material facts necessary to resolve the core issues of Petitioners' standing and the validity of the Policy are not in dispute. The parties did not provide a joint stipulation of facts, but they generally refer to the same exhibits, which are attached to Petitioners' ASR and the Judicial District's Brief in Support of ASR, in support of their legal positions.

[5] Balanced Veterans Network is a Pennsylvania nonprofit organization founded by veterans for veterans, designed to assist our nation's veterans and their families in their transition to civilian life. Amicus Curiae Brief at 1.

## II. Standing
### A. Parties' Contentions

The Judicial District contends that it is entitled to summary relief as a matter of law because Petitioners lack standing to bring this action. Veteran is awaiting criminal trial, and he does not have a pending application for admission to any Treatment Court. As all witnesses deposed agreed, Veteran was not an appropriate candidate for Veterans Treatment Court because of his mental health diagnoses. Per his schizophrenia and psychosis diagnoses, Veteran was a better fit for Mental Health Court but was "ineligible to participate in Mental Health Treatment Court due to the firearms offense." Respondent's Brief in Support of ASR, Exhibit M, Order, 2/6/24, at 1. Invalidating the Judicial District's Policy as it pertains to medical marijuana usage will not change this outcome and, as such, Veteran lacks a direct interest in the relief sought. The Coalition lacks standing because it does not represent the interests of medical marijuana patients seeking admission to Treatment Courts, and the MMA was not designed to protect the Coalition's members in these circumstances.

Petitioners defend that they have standing to seek both declaratory and injunctive relief because they are aggrieved by the Judicial District's Policy. The Policy penalizes patients by denying them the benefits of Treatment Court solely for lawful medical marijuana use in contravention of the MMA. Veteran has a direct, substantial, and immediate interest in this litigation because the Policy precludes his admission to the Judicial District's Treatment Courts. First, Veteran has a substantial interest in this litigation as a medical marijuana patient who is statutorily eligible for admission to Treatment Court. Second, his interest is direct because a declaration that the Policy is invalid and an injunction barring its enforcement would

7

remove the Policy as a barrier to Veteran's entry into a Treatment Court when he files a new application for admission. And third, Veteran's interest is immediate because he presently seeks entry into a Treatment Court and is subject to the Policy.

Petitioners maintain that the Coalition has standing as an association because its members have suffered and continue to suffer professional and financial harm because some of their patients are not permitted to use medical marijuana. This harm is substantial, direct, and immediate, and it gives the Coalition associational standing to challenge the Judicial District's Policy. The Judicial District's argument that Petitioners lack standing improperly conflates the concepts of standing and mootness and fails to recognize that Veteran can reapply for admission to a Treatment Court.

## B. Analysis

"Standing is a justiciability concern—a threshold requirement that must be established prior to judicial resolution of a dispute." *Pennsylvania State Education Association v. Public School Employees' Retirement Board*, 311 A.3d 1017, 1028 (Pa. 2024) (*PSEA*) (citation and quotation omitted); *accord Ivy Hill Congregation of Jehovah's Witnesses v. Department of Human Services*, 310 A.3d 742, 752-53 (Pa. 2024). "[T]he standing doctrine protects against improper plaintiffs by preventing litigation by a person who is not adversely impacted by the matter he seeks to challenge." *PSEA*, 311 A.3d at 1028-29 (citations, quotations, and footnotes omitted). As our Supreme Court has explained:

> [A] controversy is worthy of judicial review only if the
> individual initiating the legal action has been aggrieved.
> A party who is not negatively affected by the matter he

8

seeks to challenge is not aggrieved, and thus, has no right to obtain judicial resolution of his challenge. This principle is based upon the practical reason that unless one has a legally sufficient interest in a matter, that is, is "aggrieved," the courts cannot be assured that there is a legitimate controversy.

*Id*. at 1029 (citations, quotations, and footnotes omitted).

A party is aggrieved if it has a (1) substantial, (2) direct, and (3) immediate interest in the outcome of the litigation. *PSEA*, 311 A.3d at 1029. As consistently framed:

A party's interest is substantial when it surpasses the interest of all citizens in procuring obedience to the law; it is direct when the asserted violation shares a causal connection with the alleged harm; finally, a party's interest is immediate when the causal connection with the alleged harm is neither remote nor speculative.

*Id.* (quoting *Commonwealth, Office of the Governor v. Donahue*, 98 A.3d 1223, 1229 (Pa. 2014)). "[A]n association has standing as representative of its members to bring a cause of action even in the absence of injury to itself, if the association alleges that at least one of its members is suffering immediate or threatened injury as a result of the action challenged." *Ivy Hill*, 310 A.3d at 748

As our Supreme Court has recognized, "[t]here is considerable overlap between the doctrines of standing and ripeness . . . ." *Robinson Township, Washington County v. Commonwealth*, 83 A.3d 901, 917 (Pa. 2013). This overlap occurs

especially where the contentions regarding lack of justiciability are focused on arguments that the interest asserted by the petitioner is speculative, not concrete, or would require the court to offer an advisory opinion. In

9

> this sense, a challenge that a petitioner's interest in the outcome of the litigation is hypothetical may be pled either as determinative of standing or restyled as a ripeness concern although the allegations are essentially the same. Standing and ripeness are distinct concepts insofar as ripeness also reflects the separate concern that relevant facts are not sufficiently developed to permit judicial resolution of the dispute. Pure questions of law . . . do not suffer generally from development defects and are particularly well suited for pre-enforcement review.

*Id.*, 83 A.3d at 917 (citations omitted).

Here, although Veteran does not presently have a pending application for admission to a Treatment Court, he may reapply. Two of his applications were denied while this litigation was pending. Therefore, we reject the Judicial District's objection, which intertwines standing and ripeness, on this basis. However, we agree with the Judicial District that Veteran is not personally aggrieved by the Policy and thus lacks standing to proceed because he was found ineligible for Treatment Court for reasons other than the Policy's limitation on medical marijuana use.

By order dated May 3, 2023, the Judicial District denied Veteran's initial application to Veterans Treatment Court "due to failure to comply with pretrial services." Petitioners' ASR, Exhibit No. 45, Order, 5/3/23, at 1. According to the contemporaneous Treatment Court notes, Veteran's application was denied because of "his continued medical marijuana use [without] letter indicating a doctor's recommendation and reluctance to complete recommended treatment groups." Petitioners' ASR, Exhibit No. 41, Treatment Court Notes at 2.

On May 11, 2023, Veteran reapplied for Veterans Treatment Court. Respondent's Brief in Support of ASR, Exhibit J, Application, 5/11/23; Petitioners' ASR, Exhibit No. 41, Treatment Court Notes at 1. In response, the Judicial District

10

requested an "update regarding his treatment and his thoughts about attending the recommended groups." Petitioners' ASR, Exhibit No. 41, Treatment Court Notes at 1. The Judicial District denied Veteran's second application upon determining that Veteran was not an "appropriate" candidate based on his mental health diagnoses. Respondent's Brief in Support of ASR, Exhibit K, Order, 8/28/23, at 1; Petitioners' ASR, Exhibit No. 41, Treatment Court Notes at 1.

Probation Officer Paige MacBain (MacBain) testified that the Veterans Treatment Court team[6] considers a variety of factors in determining whether to admit a veteran into the program, including

> [t]he charges the individual has pending, their potential ability or inability to complete the program due to things like serious mental illness, no willingness to follow through with the recommended treatment, their willingness to participate because it is voluntary, their

---

[6] Each Treatment Court team

> consists of a Judge, District Attorney, Public Defender, Coordinator, Probation Officer(s), The Council On Chemical Abuse (COCA), Treatment Access Services Center (TASC), Berks Connections Pretrial Service (BCPS), Forensic Case Managers from Services Access Management (SAM), YMCA Specialty Court Case Manager(s) and Treatment Providers. The Veterans Treatment Court Program also includes a Veterans Justice Outreach Coordinator (VJO) who works for the [VA]. Each team holds bi-weekly team meetings to discuss each participant[']s progress and formulate methods to help allow a successful outcome for each participant. The bi-weekly meetings also allow for the opportunity for information sharing, discussing imposition of incentives and sanctions, and for team members to hear perspectives on a participant from those filling other roles on the treatment team.

Petitioners' ASR, Exhibit No. 1, Policy, at 2.

11

> willingness to comply with the rules and regulations of the program and supervision in general.

Petitioners' ASR, Exhibit No. 13, MacBain Deposition, 2/8/24, at 38-39. Assistant District Attorney Kenneth Kelecic (Kelecic) also testified it is "a multifactor decision . . . considered over time." *Id.*, Exhibit No. 7, Kelecic Deposition, 1/30/24, at 127; *see id.*, Exhibit No. 1, Policy at 3 ("If deemed eligible by the Assistant District Attorney, the offender undergoes a multi[-]step screening process."). Medical marijuana use is considered on a case-by-case basis as part of the process. Petitioners' ASR, Exhibit No. 1, Policy at 11.

Veteran lawfully uses medical marijuana as prescribed by a doctor to treat his various conditions. Although Veteran claimed he suffered from "[PTSD], personal/combat trauma, [and] anxiety condition," the VA diagnosed him with "unspecified schizophrenia spectrum and other with polysubstance use disorder . . . ." Petitioners' ASR, Exhibit No. 3, VA Benefits Letter at 1; *see id.*, Exhibit No. 2, Veteran's Declaration, ¶5. Gelu Negrea (Negrea), a Veterans Justice Outreach Coordinator for the VA who assesses veterans for the Veterans Treatment Court, testified that "[Veteran] is [100%] service-connected for schizophrenia and psychosis" and has been receiving benefits for these diagnoses since February 2018. Petitioners' ASR, Exhibit No. 47, Negrea Deposition, 1/23/2024, at 86. Negrea explained that 100% service-connected

> means you are disabled and [the VA is] paying you basically a stipend at the [100%] level. It goes from zero to 100[%]. And 100[%] is the highest level that you could get, that your level of dysfunction and how -- your ability to live a daily life, your ADL [(activities of daily living)] are impacted.

*Id*. The VA never diagnosed Veteran with PTSD. *Id*. at 108-09, 114.

12

Negrea testified that, in his experience, veterans with diagnoses like schizophrenia, psychosis, and similar mental health conditions have trouble adhering to the Veterans Court Treatment rules. Petitioners' ASR, Exhibit No. 47, Negrea Deposition at 61. Failure "to comply with program requirements (supervision, treatment, drug testing, etc.)" could lead to the imposition of sanctions. Petitioners' ASR, Exhibit No. 1, Policy at 8; *see id*., Exhibit No. 47, Negrea Deposition at 84-85, 137. Negrea did not want to set up Veteran for failure. *Id.*, Exhibit No. 47, Negrea Deposition at 85, 87, 142-43, 159. Negrea believed that Veteran's "treatment needs exceeded" Veterans Treatment Court and that the Mental Health Treatment Court was a "more appropriate venue" for Veteran based on his mental health diagnoses. *Id*. at 85, 88. Negrea explained that the rules for Mental Health Treatment Court were more lenient. *Id*. at 160. Negrea shared his concerns and recommendations with the Veterans Treatment Court team in April 2023, which ultimately agreed with his assessment that Veteran was not an appropriate candidate for Veterans Treatment Court and denied the second application to Veterans Treatment Court on this basis. Although Veteran applied for Mental Health Treatment Court, he was ineligible to participate because of his firearms offense, not his medical marijuana usage. Respondent's Brief in Support of ASR, Exhibits L, Application, and M, Order, 2/6/24; *see* Petitioners' ASR, Exhibit No. 1, Policy at 3 ("Anyone with current charges or prior offense for acts of . . . firearms offenses while not statutorily excluded may be denied based on the circumstance of those cases and at the discretion of the supervising Treatment Court Judge.").

13

Although Veteran's medical marijuana usage raised concerns,[7] Veteran was not rejected from either the Veterans Treatment Court or the Mental Health Treatment Court based on his lawful use of medical marijuana. Rather, it was Veteran's mental health diagnoses and his firearms offense that ultimately served as grounds for the denials. Consequently, invalidation of the Judicial District's Policy as it pertains to medical marijuana usage would have no effect on Veteran's eligibility for the Treatment Courts. Thus, we conclude that Veteran does not have standing to bring this challenge.

As for the Coalition's standing, the Coalition is a trade association representing medical marijuana permit holders and industry partners. The Coalition represents approximately 75% of the medical marijuana dispensaries in Pennsylvania, including three of the four medical marijuana dispensaries located in Berks County. It does not represent the interests of medical marijuana patients, like Veteran. The Coalition asserts that the Policy financially harms its members by denying them potential sales. Petitioners' ASR, Exhibit No. 50, Petitioners' Objections and Responses to Interrogatories at 4. A typical patient spends approximately $200 per month on medical marijuana. Petitioners' ASR, ¶144. The assertion that the Coalition's members have suffered and continue to suffer financial harm based on the loss of some sales under the Policy is far too remote to grant standing. We, therefore, conclude that the Coalition failed to show that any of its

---

[7] MacBain testified that medical marijuana is not recommended for persons with schizophrenia. Petitioners' ASR, Exhibit No. 13, MacBain Deposition at 103, 156-57. There were uncertainties about potential drug interactions and whether the medications prescribed by the VA, including Thorazine, would be effective if Veteran continued to use medical marijuana. *Id.* at 156-59; *id.*, Exhibit No. 7, Kelecic Deposition at 68, 134; *id.*, Exhibit No. 41, Gelu Deposition at 101-02.

members were sufficiently harmed by the Policy to confer upon the group associational standing.

## III. Conclusion

Having determined that Petitioners lack standing, we grant the Judicial District's ASR and deny Petitioners' ASR on this basis and, we do not reach the issue of the Policy's validity. Accordingly, we dismiss Petitioners' PFR.

_____
MICHAEL H. WOJCIK, Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

D.M. and the Pennsylvania
Cannabis Coalition,

       Petitioners

    v.

23rd Judicial District, Berks County,

       Respondent

: 
: **CASE SEALED**
: 
: 
: 
: No. 283 M.D. 2023
: 
: 
: 
: 
: 

# **O R D E R**

AND NOW, this 21st day of August, 2024, Respondent's Application for Summary Relief is GRANTED; Petitioners' Application for Summary Relief is DENIED; and Petitioners' Petition for Review is DISMISSED.

_____

MICHAEL H. WOJCIK, Judge